MARION v. MARION.

No. 11727.

Court of Civil Appeals of Texas. San Antonio.

June 25, 1947.

Berger, Swearingen & Blackman, of Corpus Christi, for appellant.

Alston Terry and McCampbell, Wood & Kirkham, all of Corpus Christi, for appellee.

NORVELL, Justice.

This case presents a question of procedure relating to the appointment of receivers.

On the seventh day of March, 1947, Paul C. Marion, appellee here, filed suit against his wife, Janie Amanda Marion, alleging in a verified petition that the parties were married on December 22, 1938, and continued to live together until May 15, 1946. That upon their separation appellant assumed complete control of all the community property which they had accumulated during the marriage, claiming the same as her separate property and denying that appellee had any interest therein.

Appellee asserted a community interest in and to certain specifically described real estate as well as personal property. He alleged that he was an elderly man in a poor state of health and was unable to sustain himself by his personal earnings and entitled to an accounting and the establishment of his community rights in and to the property described in the petition.

He prayed for the appointment of a receiver to take charge of the properties and collect rents therefrom, and that after deducting a sufficient amount for reserves for taxes, insurance and other charges, the receiver be directed to divide the balance between appellant and appellee.

On the day the petition was filed, and without notice to appellant, the trial court appointed the Guaranty Title and Trust Company receiver "over all the properties described in plaintiff's original petition" and ordered said receiver to take charge of said properties and collect all rents and income therefrom and after deducting from such collections an adequate reserve to meet taxes and insurance and a monthly payment of $37.99 on the purchase price of Lot 8 in Block 39 of Del Mar, a subdivision of the City of Corpus Christi, Nueces County, Texas, to divide such rents and income equally between plaintiff and defendant pending further hearing thereon."

The order appointing a receiver also contained a provision ordering appellant to appear on March 14, 1947, "and show cause why this receivership * * * should not be continued in full force and effect pending trial hereof."

On March 12, 1947, appellant filed a supersedeas bond in pursuance of an appeal to this Court.

On March 19, 1947, the trial court entered a further order, reciting that a hearing was called on March 14th, "but the defendant, though duly served with notice and copy of plaintiff's petition, as directed in said (show cause) order, and though present in court in person and by attorney, declined to enter an appearance but wholly made default, whereupon the Court, being unable to hear the matter," postponed said hearing until March 19th, when the defendant again declined to make an appearance . The Guaranty Title and Trust Company was "reappointed Receiver pending final trial herein and subject to the further orders of the Court, over all the real estate described in plaintiff's original petition." More detailed instructions were given in this order as to the collection of rents and the distribution thereof, but insofar as real estate is concerned, the order is similar to that of March 7, 1947.

Appellant again filed a supersedeas bond and appealed to this Court from the order of March 19, 1947.

In law there is a marked distinction between the appointment of a receiver with notice and the appointment of a receiver without notice. "Appointment of a receiver without notice to the adverse party is one of the most drastic remedies known to the courts and should be exercised only in extreme cases, where the right thereto is clearly shown, and then in the exercise of great caution by the court." Shell Petroleum Corp. v. State, Tex.Civ.App., 86 S. W.2d 245, 247; Keep 'Em Eating Co. v. Hulings, Tex.Civ.App., 165 S.W.2d 211. Further, "a receiver will not be appointed without notice, if the status of the property can be maintained and the rights of the applicant protected pending a hearing by the issuance of a restraining order or temporary injunction, or by any remedy less drastic than a receivership." 36 Tex.Jur. 108; Keep 'Em Eating Co. v. Hulings, supra.

Rule 695, Texas Rules of Civil Procedure, reads as follows:

"No Receiver of Immovable Property Appointed Without Notice. Except where otherwise provided by statute, no receiver shall be appointed without notice to take charge of property which is fixed and immovable. When an application for appointment of a receiver to take possession of property of this type is filed, the judge or court shall set the same down for hearing and notice of such hearing shall be given to the adverse party by serving notice thereof not less than three days prior to such hearing. If the order finds that the defendant is a non-resident or that his whereabouts is unknown, the notice may be served by affixing the same in a conspicuous manner and place upon the property or if that is impracticable it may be served in such other manner as the court or judge may require."

Real property is here involved, and no statutory provision has been cited which would authorize the appointment of a receiver without notice notwithstanding a

non-compliance with the provisions of Rule 695.

No compelling emergency is disclosed by the petition, a temporary restraining order would have been sufficient to protect appellee's rights. The provisions of Rule 695 were violated. We have no hesitance in saying that if the appointment of a receiver in this case be regarded as an appointment without notice, then the same must be vacated. Such appointments without notice are seldom sustained by the appellate courts. Very few fact situations justify resort to so drastic a remedy. This is apparent from the collation of cases appearing under Note 18 to Article 2293, in Vernon's Ann.Civ.Stats.

Appellee contends that the order of March 19th constituted the appointment of a receiver with notice. This raises the question of the validity of the "show cause order" issued on March 7th, ordering the appellant to appear and show cause why the receivership should not be continued pending final disposition of the case. In our opinion this order was unauthorized and upon a direct attack such as an appeal, said order must be regarded as ineffective as notice. The notice contemplated in receivership proceedings is notice prior to the time the property is taken over by a receiver, and not a notice issued after the receiver has taken possession, calling upon the owner or claimant to the property to show cause why the possession and control of the property by the receiver should not be continued. Rule 695 certainly does not authorize this practice and we fail to find any support therefor in the Texas Rules of Civil Procedure. Rules relating to the issuance of temporary restraining orders and injunctions are not applicable to the appointment of receivers. No case had been cited to us which supports the practice of appointing a receiver without notice and the issuance of a show cause order to the defendant. However that may be, we are of the opinion that the show cause order issued under such circumstances, can not be considered "notice" so that the order of March 19th can be regarded as an appointment of a receiver with "notice."

In Salas v. Gonzalez, Tex.Civ.App., 181 S.W.2d 821, we held that when a receiver is appointed without notice, the person aggrieved thereby may, at his option, appeal to this Court, or make a motion to vacate the receivership in the trial court. If the latter course be taken, however, the complainant waives all questions incident to the appointment without notice.

There is no question of waiver in this case. Appellant refused to enter an appearance on March 14th, and again on March 19th. It is apparent that if the show cause order be given mandatory effect as compelling an appearance by a defendant and forcing him to show cause why the receivership should be vacated, said defendant is effectively deprived of his option to appeal to this Court and demand the vacation of an erroneous order appointing a receiver without notice.

If the practice followed in this case be approved, and the argument advanced by appellee accepted, no case could be decided by this Court, or any other Court of Civil Appeals, involving the validity of the appointment of a receiver without notice.

Appellee says that it is now immaterial whether the appointment of a receiver without notice on March 7th was legal or not. A new order was entered on March 19th. A "show cause order" was issued, therefore, appellee had the opportunity to request the return of the property. Consequently, there is no question of the appointment of a receiver without notice before this Court.

We decline to approve of the use of the "show cause order" in cases such as this and thus limit or curtail our authority and jurisdiction over orders appointing a receiver without notice. If such limitation of jurisdiction be thought desirable, it may be secured by proper action of the Legislature or rule making authority.

We regard the order of March 19th as being a continuance and modification of the order of March 7th. Neither order was entered upon proper notice to the appellant. The petition will not support the appointment of a receiver without notice. The orders appealed from are accordingly

reversed and the appointment or appointments of a receiver vacated.

Reversed and Rendered.

MURRAY, Justice (dissenting).

I cannot concur in the majority opinion and am compelled to dissent therefrom.

The appeal was not perfected until the record was filed in this Court on March 26, 1947. This question is important because it is determinative of whether the case was still pending in the trial court at the time of the reappointment of the receiver after the defendant had been given notice and an opportunity to be heard.

Appeals from interlocutory orders are governed by the provisions of Rule 385, T. R.C.P. Such appeals are perfected by the doing of two things: (1) Filing an appeal or supersedeas bond; (2) filing the record in the Court of Civil Appeals within twenty days from the date of rendition of the order. An appeal is not perfected until both have been done. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956.

The record shows that when the petition for the appointment of a receiver was presented to the trial·judge, on March 7, 1947, he made an order appointing a receiver, to remain in effect until further orders were entered. He further provided that the defendant should appear on March 14, 1947, and show cause why the receivership and injunction should not be continued in full force and effect pending final trial and the clerk was ordered to issue notice. Pursuant to the notice defendant (appellant) and her attorney were present in court but declined to put in an appearance. On that date the receiver made bond and took the oath of office. On March 12, 1947, the trial judge fixed the amount of the supersedeas bond at $3,000, and on that date appellant filed her supersedeas bond and also a cost bond, but did not thereby perfect an appeal, as heretofore pointed out.

On March 14, 1947, the trial court ordered all property returned to appellant.

On March 19, 1947, appellant, though present by counsel, again declined to appeal and the receiver was re-appointed, with orders to again take charge of the property. The receiver qualified under this second appointment and again the order was superseded by appellant's giving a second supersedeas bond on March 21, 1947, and the receiver was again ordered to return the property to appellant. An appeal from both of the orders appointing a receiver was perfected on March 26, 1947, by filing the record in this Court.

It is plain that appellant was afforded an opportunity for a hearing before the receiver was re-appointed, on March 19, 1947, which opportunity she declined.

Appellant is not in a position to here complain that the receiver was appointed originally at an ex parte hearing and without notice to her, when after notice and an opportunity for a hearing, which she declined, the receiver was re-appointed, and all of this before an appeal was perfected to this Court. As was said by Justice Fly in Cotton v. Rand, Tex.Civ.App., 92 S.W. 266, 267:

"If, however, the action was illegal in the first instance, appellants went into court within two days after the court made the order appointing the receiver and filed motions to set aside and vacate the order, and on those motions there was a full hearing of evidence and argument on the disputed points, and the court adhered to its action and in effect reappointed the receiver. Appellants have had their day in court, had a fair hearing and have come before this court on a full statement of the facts upon which the court acted. They have had the benefit of everything that they possibly could have obtained, had they been before the judge when the original appointment was made."

There seems to be no Texas case on all fours with the case at bar. The only case directly in point, that I have been able to find, is that of Supreme Council of Royal Arcanum v. Hobart, 1 Cir., 244 F. 385, 390. There it is said:

"As to the claim that there was no sufficient notice to the defendant, the appointment was made subject to be vacated or modified eight days later, after hearing any party aggrieved, and was not to become permanent until such hearing. While the allegation in the affidavit which accompanied the bill, that the defendant's funds

were in imminent danger of being removed out of Massachusetts, is not so specific as to facts as might be desired, there has been no suggestion that it was without foundation in fact, and it so far indicated immediate danger of irreparable injury as to prevent a finding that there was any abuse of discretion in entering the decree of April 13, 1917. After appearing and being heard before the hearing appointed for April 21st, and after having obtained thereby the modifications effected by the decrees of April 17th and April 20th, we could hardly regard the defendant as in a position to claim that any omission of due notice to it in the proceedings has seriously prejudiced its rights."

We are here asked to vacate this receivership and thus compel the trial court to give appellant a hearing before the appointment of a receiver. The trial court has already tendered to appellant a hearing which she has declined. She is certainly trifling with the court to here, in effect, ask us to order the trial judge to do that which he has already attempted to do and which she has already refused to accept.

It is true that the trial judge erred in appointing a receiver without notice and at an ex parte hearing. However, after appellant had superseded this order and all of her property had been returned to her, an opportunity for a hearing on the matter of the appointment of a receiver was tendered to her and declined by her, how is this Court going to believe that her real complaint is that she has not been given an opportunity to be heard.

The majority opinion states that there is no provision in either our statutes or our court rules for a "show cause order" in receivership matters. This is true, and it is equally true that there is no rule against a trial judge issuing a "show cause order" in such matters.

Art. 2319, Vernon's Ann.Civ.Stats., provides that "In all matters relating to the appointment of receivers, and to their powers, duties and liabilities, and to the powers of the court in relation thereto, the rules of equity shall govern whenever the same are not inconsistent with any provision of this chapter and the general laws of the State." There is certainly nothing inequitable about a trial judge issuing a "show cause order" in a receivership case and giving an aggrieved party an opportunity to be heard without the necessity of going to the expense and delay of an appeal to secure such right.

It is always desirable if possible to give a trial court an opportunity to correct an error and save the litigants the expense and hardship of an appeal.

It is probably true that if an appeal had been perfected before an opportunity to be heard had been given appellant, it would then have been too late for the trial court to have corrected his error, as the matter would have been removed from his hands and placed in ours, but where appellant was given an opportunity to be heard, while the matter was still in the hands of the trial court and declined by her, she should not here be heard to complain because the trial court acted without notice and hearing in appointing a receiver.

Borderline cases are bound to be presented to trial judges in receivership cases. Where the trial judge feels compelled to appoint a receiver without notice and at the same time sets the matter down for an early hearing, a prompt remedy is afforded an aggrieved party if such appointment has been made improvidently. The trial judge can, in only a few days after such appointment, set the same aside with a minimum amount of damages and a better remedy is afforded the aggrieved party than the taking of an appeal to this Court. I am unable to see why it is any better for this Court to discover that the appointment of a receiver without notice was wrongful than for such fact to be discovered by the trial judge himself.

It is true that in some instances the aggrieved party may very much desire the delay caused by an appeal because he may well know that while it was error to appoint the receiver without notice, that upon a hearing, cause for the appointment of a receiver may easily be shown, and therefore his best weapon is that of delay. Court rules should be for the purpose of expediting the business of the court rather than for its delay. The fact that a re-

ceiver should not have been appointed without a hearing should not give the adverse party the right to delay that hearing for several months by means of an appeal, where the trial judge is ready and willing to proceed with the hearing.

I think the judgment of the trial court should be affirmed.