**Gale A. WORMAN et al., Appellants,**

v.

**Clark G. THOMPSON, Appellee.**

**No. 16161.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 23, 1973.

———◆———

Wandel & Bousquet, Thomas G. Bousquet, Houston, for appellants.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellee.

EVANS, Justice.

Appellants, Holiday Lakes, Inc., Holiday Oaks, Inc., Frank Pearson, Jr. and Gale A. Worman, appeal from a temporary injunction order dated March 5, 1973, which they contend was issued without proper notice of hearing as required by Rule 681, Texas Rules of Civil Procedure. A brief review of the sequence of events during the course of this lawsuit will assist in an understanding of the appellants' contentions.

Appellee's original petition seeks accounting as to the affairs of certain alleged joint ventures pertaining to the corporate defendants Holiday Oaks, Inc., and Holiday Lakes, Inc. and for damages and injunctive relief with respect thereto.

On February 13, 1973 hearing was had on the temporary injunctive relief prayed for in said petition, but the parties were unable to agree on the terms of the order to be entered upon such hearing, and at a subsequent hearing on the parties' motions for entry of the order, the court entered the temporary injunctive order of Febru-

ary 26, 1973. This order recites that after hearing the evidence appellants announced they would be willing to terminate the hearing without further evidence being presented upon the understanding that the court would enter its order requiring appellee to execute deeds of the Holiday Oaks and Holiday Lakes subdivision properties in the ordinary course of business and that appellants would be enjoined from expending funds of the real estate operations other than in the ordinary course of business and for equal payments to be made to the respective parties as specified in said order. The order also prohibited alteration or duplication of documents; enjoined the parties from harassing or interfering with one another and required appellants to furnish copies of certain accounts and financial data with respect to the business operations.

No request was contained in appellee's original petition or mentioned in the court's order of February 26, 1973 for injunctive relief against appellants, Holiday Oaks, Inc. or Holiday Lakes, Inc.

The transcript shows that on February 28, 1973 appellee filed a pleading designated as a second supplement to the original petition. This pleading alleges that at the show cause hearing on February 13, 1973 appellants had agreed to the entry of a temporary injunction "holding the status quo between the parties for final trial" and that appellants had refused to agree to the order proposed, contending that such order would grant to appellee greater relief than he had sought in the petition. Such pleading further alleged that appellants' bookkeeper and accountant had failed to furnish certain requested information and further, that appellants and their counsel had issued shareholders notice of meeting for the purpose of amending the Articles of Incorporation to prohibit cumulative voting. In such pleading appellee asked that appellants be enjoined from holding or attempting to hold such meetings and from amending, changing, or otherwise altering the by-laws of either of the corporate defendants. A copy of this second supplemental pleading was apparently mailed with a letter from appellee's counsel to appellants dated February 22, 1973 advising that such matters would be presented and brought forward to the court at the hearing on February 26, 1973; however, all parties seemed to agree that the matters set forth in this pleading were not considered by the court at that hearing.

After the hearing on February 26, 1973 appellee applied for and obtained from the court a subsequent setting date for the hearing on the matters set forth in their second supplemental petition. Such matters were set for hearing on March 5, 1973 and at the time such setting was obtained, the court in its order directed service upon appellants, notifying them that such matter had been set for hearing on March 5, 1973 at 10:00 o'clock A.M. The record is not entirely clear as to just what additional direction the court gave to appellee's counsel with respect to such notification nor as to the exact advice conveyed by appellee's counsel to appellants' counsel. Appellee's counsel testified that at the conclusion of the taking of a deposition in the case on March 1, 1973 he advised appellants' attorney that "these matters" would be taken up before the court on March 5, 1973, at 10:00 o'clock A.M. and that he had been directed by the court to inform appellants' counsel of the hearing. Appellants' attorney testified that at the conclusion of the deposition, appellee's attorney casually mentioned to him that he, appellants' attorney, would probably be called by his clients because he, appellee's attorney, had set an injunctive hearing for the following Monday morning at 10:00 o'clock A.M. Appellants' attorney further testified that he did not ask appellee's attorney and appellee's attorney did not tell him what particular things he was asking for at such hearing or which were to be considered by the court at the hearing. Appellants' attorney further testified that his clients' secretary

called him sometime later that same day and said a man was out there with some papers and that he, appellants' attorney, advised her that when they had been served, for her to get in touch with him. Appellants' counsel said that the next thing he knew of the matter was that sometime on the afternoon of March 5, 1973 a copy of the amended injunctive order, issued that day, was delivered to his office. Appellants' counsel testified he never received any call from the court clerk or from the appellee's counsel advising him of the matter. After receiving the copy of the amended injunctive order appellants' counsel testified he then prepared and filed appellants' motion to dissolve.

It is undisputed that service of plaintiff's second supplemental petition upon appellants was requested by appellee but was never accomplished prior to the hearing on March 5, 1973. It is also without dispute that no written notification was ever given to appellants' attorney of the date, time and purpose of such hearing.

It is unfortunate that disputes of this nature must arise in the course of litigation. Their resolution requires not only the time of the courts but also that of the hard-pressed trial attorneys who could well afford to expend their efforts on other matters. For these reasons our rules of civil procedure set forth in considerable detail requirements of notification which will insure reasonable notice of matters to be heard before the courts.

Rule 681, T.R.C.P., specifically provides that no temporary injunction shall issue without notice to the adverse party.

Rules 21a and 21b, T.R.C.P., prescribe that notice, other than citation to be served upon filing of the case or as otherwise provided by the rules, shall be effected by delivery in person or by registered or certified mail unless some other method is directed by the court. In this instance the court's order setting the hearing for March 5, 1973, merely directed that appellants be served with a copy of the order and with copy of appellee's second supplement to the original petition. It is undisputed that there was neither delivery nor service of any written notification to appellants or their counsel.

■ In order that counsel at bar may rely upon the certainty of their being notified of important matters affecting their clients, we believe the courts should compel reasonable compliance with the notice requirements of our rules of civil procedure. While appellants' counsel certainly received some notification that an injunctive hearing would be held at the date and time indicated, it seems quite obvious that he believed, on the basis of the advice given him by the person who had been directed to give him notice, that he would receive some further clarification as to the purpose of the hearing after his clients had been served. On the record before us, we find there was not due and proper notice to appellants or their counsel of the matters to be heard at the hearing on March 5, 1973.

■ Appellee argues that the trial court was empowered to enter the order of March 5, 1973 even absent pleadings and notice, in order to clarify its original temporary injunctive order of February 26, 1973. We do not agree. The order of March 5, 1973 extends to matters well beyond the scope of the original injunctive order of February 26, 1973. Furthermore, it enjoins not only appellants Pearson and Worman but also appellants Holiday Lakes, Inc. and Holiday Oaks, Inc. who are not covered in the original injunctive order. In scope, it enjoins the amending, altering, change or revision of the Articles of Incorporation and By-Laws so as to prohibit cumulative voting or otherwise to change the method of voting stock in either of the two corporations and "from in any manner altering, changing, revising or amending the Status Quo of said corporations or any entity involved in the suit

pending final trial." This order cannot be considered to be merely corrective or in clarification of the court's earlier order. See McDonald, Texas Civil Practice, Sec. 17.07.1, Vol. 4 (1971 Rev.Ed.), p. 55 et seq.

For the reasons stated we grant appellants' points of error 1, 2, 5, and 8. Inasmuch as the judgment of the trial court must be reversed for further proceedings, it becomes unnecessary to consider appellants' remaining points. However, in view of such further proceedings, we direct attention to the provisions of Rule 683, T.R. C.P., which requires that every order granting an injunction shall be specific in its terms and shall describe in reasonable detail the act or acts sought to be restrained. See also 13 Tex.Law Review 534 (1935); Lowe, Texas Practice, Vol. 6, Sec. 243, page 235.

The trial court's order of March 5, 1973 is reversed and the cause remanded for further proceedings consistent with this opinion.