COUCH MORTGAGE COMPANY,
Appellant,

v.

Jon N. HUGHES et al., Appellees.

No. 16639.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 18, 1976.

Rehearing Denied April 15, 1976.

Carl, Lee & Fisher, Robert H. Fisher, Houston, for appellant.

Herbert Finkelstein, Houston, for Jon Hughes, receiver.

On Motion for Rehearing

PEDEN, Justice.

We withdraw our opinion filed on January 29, 1976, and enter this one in its place.

This is a divorce action brought by James L. Roberts against Rita Roberts. Together

they own almost all the stock in Homefinders Real Estate, Inc., a company that buys and resells equities in residential properties. Mr. Roberts alleged in his petition that Mrs. Roberts had, during his continuing, disabling illness, secreted corporate assets and failed to make payments due to mortgage companies on residential properties in which Homefinders had dealt, so foreclosures by the mortgage companies were imminent.

In response to Mr. Roberts' motion, a Court of Domestic Relations judge appointed Mr. Jon Hughes receiver to "take possession of and administer, under order of this court, any and all property in the possession of or under the control of James L. Roberts, Rita Roberts, and their businesses, Homefinders Real Estate, Inc. and Overland Mortgage Company, together with all books and records pertaining thereto . . ."

Homefinders was made a party to the suit and an answer was filed in its behalf.

Later, a temporary injunction was granted, on the receiver's application, restraining Couch Mortgage Company and others from foreclosing their liens "on any property owned or held by James L. Roberts, Rita Roberts, . . . Overland Mortgage Co. or Homefinders Real Estate, Inc. . . ." At the same hearing, when the trial judge granted this temporary injunction, he also overruled the motion of Couch Mortgage Co. to dissolve the receivership. Couch Mortgage appeals from both those orders.

The appellant's first two points of error are that the trial court erred in overruling its motion to dissolve the receivership as it affects Homefinders Real Estate, Inc., because 1) the Court of Domestic Relations of Harris County does not have jurisdiction to appoint a receiver for a corporation, its assets or its business, and 2) the mandatory and exclusive provisions of the Texas Business Corporation Act were not complied with in the appointment of the receiver.

The appellant points out that Article 7.05 of the Texas Business Corporation Act provides: "A receiver may be appointed for the assets and business of a corporation by the district court for the county in which the registered office of the corporation is located . . ." and that Article 7.07 of the Act states:

"A. No receiver shall be appointed for any corporation to which this Act applies or for any of its assets or for its business except as provided for and on the conditions set forth in this Act.

" . . .

"E. A court authorized to appoint a receiver for a corporation to which this Act applies, and no other court in this State, shall be authorized to appoint a receiver for the corporation or its assets and business . . ."

It is undisputed that the registered office of Homefinders Real Estate, Inc. is in Harris County.

One of the issues raised by the appellant is whether the Court of Domestic Relations of Harris County comes within the definition of "district court" as used in the Texas Business Corporation Act. The Court of Domestic Relations of Harris County was established by Art. 2338–5, V.T.C.S.

Sec. 3 covers its jurisdiction:

"The Court of Domestic Relations for Harris County shall have the jurisdiction concurrent with the District Courts in Harris County of all . . . divorce and marriage annulment cases, including the adjustment of property rights . . . and any and every other matter incident to divorce or annulment proceedings . . .; and all other cases involving justiciable controversies and differences between spouses, or between parents, or between them, or one of them, and their minor children, *or between any of these and third persons, corporations, trustees or other legal entities,* which are now, or may hereafter be, within the jurisdiction of the District or County Courts; . . . of all suits for trial of title to land and for the enforcement of liens thereon, of all suits for trial of the right of property, and said Court and the Judges thereof shall have power to issue writs of habeas corpus, mandamus, injunction, and all writs necessary to enforce their jurisdiction." (emphasis added)

The present provisions of Art. 2338–5 were enacted by the 60th Legislature in 1967. They amended its 1953 wording, which did not contain the provision we have emphasized above. We conclude that the legislature intended to confer on the Court of Domestic Relations of Harris County jurisdiction to appoint, in a divorce suit, a receiver for property belonging to the marital estate found in the possession or control of a corporation, but we find no authority for that court to appoint a corporate receiver over all property in the possession or under the control of the corporation absent a showing that the corporation was the alter ego of one of the parties. Such a showing was not made in this case.

The appellant also complains that when the trial court granted the temporary injunction in response to the receiver's motion it failed to fix a bond as required by Rule 684, Texas Rules of Civil Procedure. We grant this point. Rule 693a, which permits the court in a divorce court to dispense with a bond, does not apply here because the injunction in this case was not ordered, as that rule specifies, in behalf of one spouse against the other. The Texas Supreme Court held in *Goodwin v. Goodwin*, 456 S.W.2d 885 (1970), that under Rule 684 a bond is specifically required as a condition precedent to the issuance of a temporary injunction, and the failure of the applicant to file such bond renders the injunction void *ab initio*.

Appellee filed a motion to dismiss the appeal, contending that the appellant, by receiving checks from the receiver and cashing them, has waived any complaint about the receivership.

We note that by letters accepting payment the appellant expressly reserved the right to contest the receivership. We hold that the act of the appellant in conditionally accepting payment in compliance with the order of the trial court pending appeal did not amount to a recognition of or acquiescence in the decision of the trial court. Nor did it constitute a waiver or estop the appellant from prosecuting this appeal.

We reverse in part the order of the trial court and order dissolved the temporary injunction; we also order dissolved the receivership over Homefinders Real Estate, Inc. The trial court's order is in all other respects affirmed.