**NORTH SIDE BANK, Appellant,**

v.

**Margaret Elizabeth WACHENDORFER, Appellee.**

**No. 17428.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 21, 1979.

---

Schlanger, Cook, Cohn, Mills & Grossberg, Craig S. Meredith, Houston, for appellant.

Charles J. Brink, Houston, for appellee.

Before EVANS, WARREN and WALLACE, JJ.

WALLACE, Justice.

North Side Bank, appellant, appeals from an interlocutory order of the trial court appointing a receiver over real property on which appellant holds a lien. The original cause below was a divorce proceeding in which appellee Tom Wachendorfer was petitioner and cross-respondent and appellee Margaret Wachendorfer was respondent and cross-petitioner. On February 2, 1979, the trial court entered its decree of divorce awarding appellee Margaret Wachendorfer an undivided one-half interest in the property in question. Prior to that time appellee Tom Wachendorfer was the record legal title holder to the property and grantor in a deed of trust executed on behalf of appellant. This deed of trust secured Tom Wachendorfer's guarantee of payment on a promissory note in the principal sum of $178,400.00, representing a loan made by appellant to a company known as Jagemen,

Inc., of which appellee Tom Wachendorfer was the owner. The proceeds of this loan were expended on making improvements on the subject property. This deed of trust covers the land, building and fixtures over which the receiver was appointed.

Payments on the note were in default and appellant made demand for payment to the maker and all guarantors on November 30, 1978. No payments were made subsequent to the notification and the property was posted for a trustee's sale to be conducted on February 6, 1979. On that same day, appellee Margaret Wachendorfer filed a petition for appointment of a receiver. After an ex parte hearing without notice to appellant, the trial court granted the motion and appointed a receiver and restrained the proposed foreclosure sale.

■ Appellant's first point of error complains of the trial court's appointing a receiver in the instant case with no notice to appellant. A trial court has the discretion to appoint a receiver ex parte and without notice under certain circumstances. There are stringent guidelines under which this action may be taken as set out in *Best Investment Co. v. Whirley,* 536 S.W.2d 578 (Tex.Civ.App.—Dallas 1976, no writ):

> In recognition of the fact that appointment of a receiver without notice is one of the most drastic actions known to the law or equity and should be exercised with extreme caution and only where great emergency or imperative necessity requires it, our courts have uniformly been reluctant to grant such harsh relief. *Morris v. North Fort Worth State Bank,* 300 S.W.2d 314 (Tex.Civ.App.—Fort Worth, 1957, no writ). It has been held that appointment of receivers on ex parte application is to be made only in exceptional and extreme cases, *Solomon v. Matthews,* 238 S.W. 307 (Tex.Civ.App.—Amarillo, 1922, no writ); and that appointment of a receiver without notice to adverse party is one of the most drastic remedies known to the court and should be exercised only in extreme cases where right thereto is clearly shown and only then in exercise of great caution by the

courts when the status of the property cannot be maintained and rights of applicants protected pending a hearing by a restraining order or temporary injunction or any less drastic remedy. *Head v. Roberts,* 291 S.W.2d 483 (Tex.Civ.App.—Fort Worth 1956, no writ); *Marion v. Marion,* 205 S.W.2d 426 (Tex.Civ.App.—San Antonio, 1947, no writ); *Wilkenfeld v. State,* 189 S.W.2d 80 (Tex.Civ.App.—Galveston 1945, no writ); *Keep 'Em Eating Co. v. Hulings,* 165 S.W.2d 211 (Tex.Civ.App.—Austin 1942, no writ); *Hunt v. State,* 48 S.W.2d 466 (Tex.Civ.App.—Austin 1932, no writ). A receiver may be appointed without notice or opportunity for adverse party to be heard only in extreme cases wherein there is great emergency and imperious necessity for immediate appointment; *Johnson v. Williams,* 109 S.W.2d 213 (Tex.Civ.App.—Dallas 1937, no writ); *Life & Loan Ass'n v. Cremona,* 66 S.W.2d 762 (Tex.Civ.App.—Dallas 1933, no writ).

Appellee's petition for appointment of a receiver alleged that a trustee's sale was scheduled on the same day and that "Respondent Margaret Elizabeth Wachendorfer has not been duly notified of this proposed trustee sale by the trustee in derogation of her rights in the community property. Her only knowledge of the sale was derived from a letter suggesting that such foreclosure might occur."

■ Appellant contends that the appointment of a receiver ex parte in the instant case is violative of the provisions of Rule 695, T.R.C.P. which states:

> "Except where otherwise provided by statute, no receiver shall be appointed without notice to take charge of property which is fixed and immovable. When an application for appointment of a receiver to take possession of property of this type is filed, the judge or court shall set the same down for hearing and notice of such hearing by serving notice thereof not less than three days prior to such hearing . . . ."

Real Estate is "fixed and immovable property" within the meaning of Rule 695.

*Continental Homes Co. v. Hilltown Property Owners Association, Inc.,* 529 S.W.2d 293 (Tex.Civ.App.—Fort Worth 1975, no writ). We find no authority which would alleviate appellee's obligation to give appellant notice of the right to be heard on her application before the receiver was appointed as required by Rule 695. Appointment of a receiver without notice is expressly forbidden where immovable property is involved. *Marion v. Marion,* 205 S.W.2d 426 (Tex.Civ. App.—San Antonio 1947, no writ).

Appellant's point of error No. 1 is sustained.

Appellant's second point of error complains of the trial court's appointing a receiver without notice when the rights of appellees could have been protected with less drastic measures.

▆ Appointment of a receiver is not proper where a less drastic remedy is available to protect the property. *Associated Bankers Credit Company v. Meis,* 456 S.W.2d 744 (Tex.Civ.App.—Corpus Christi 1970, no writ); *Solomon v. Mathews,* 238 S.W. 307 (Tex.Civ.App.—Amarillo 1922, no writ); 65 Am.Jur.2d *Receivers* § 98, (1973). The allegations set forth in appellee Margaret Wachendorfer's application for appointment of a receiver complained that a trustee sale was imminent and that she had not been given proper notice thereof. A temporary restraining order would have effectively prevented the trustee's sale until notice could have been given and a hearing conducted giving appellant an opportunity to be heard. This would have been a less drastic measure and yet would have afforded appellee all the relief prayed for in her application. *City Nat. Bank v. Pigg,* 63 S.W.2d 327 (Tex.Civ.App.—Amarillo 1933, no writ); *Marion v. Marion,* supra. Appellant's second point of error is sustained.

▆ By its point of error No. 11, appellant complained of the trial court's appointing of a receiver of property on the application of the owner of that property.

It is appellant's position that Article 2318, Tex.Rev. Civil Statutes Annotated, prohibits an appointment of a receiver on the

application of the owner of the property. That Article provides in pertinent part:

"No receiver of a joint stock or incorporated company, co-partnership or private person shall ever be appointed on the petition of such joint stock or incorporated company, partnership or person . ."

It would appear from a literal reading of the above quoted statute that Margaret Wachendorfer was a co-owner of the property in question and, therefore, Article 2318 would be applicable to this situation. Our courts have held that an application for a receiver made contrary to Article 2318 is voidable upon a timely direct attack notwithstanding that a joint interest in the property is established. *Spence v. State National Bank of El Paso,* 5 S.W.2d 754 (Tex.Comm'n App.1928, opinion adopted); *Buck v. Johnson,* 495 S.W.2d 291 (Tex.Civ. App.—Waco 1973, no writ). Article 1926a § 1.03(a) V.T.C.S. provides:

"A family district court has the jurisdiction and power provided for district courts by the laws of this state. Its jurisdiction is concurrent with that of other district courts in the country in which it is located."

Article 2318 is, then equally binding on family district courts. Although Texas courts hearing a divorce action have the equitable power to grant a receivership over the marital estate where it is necessary, Article 2318 limits this power to appoint a receiver where it is sought by the owner of the marital property against a third party creditor. Appellant's eleventh point of error is sustained.

▆ Appellant's points of error 6, 7, and 8 complain of the action of the trial court in issuing a temporary injunction without notice to the appellants, without giving appellant an opportunity for a hearing, and without requiring the filing of a bond by appellees. Appellees contend that the restraining language used in the court's order does not constitute an injunction but is merely descriptive of the legal effect of the appointment of a receiver. The language in question is as follows:

". . . Further that this appointment of a receiver of said properties shall have the effect of restraining Frank D. Jameson, Trustee, acting on behalf of North Side Bank, its officers, agents, employees or attorneys from conducting the trustee sale on Tuesday, February 6, 1979, and further from employing any manner of self-help ordinarily utilized in same or similar circumstances;"

This language goes further than describing the legal effect of the appointment of a receiver. An injunction is defined as "a judicial order or process, operating upon the person to whom it is directed to do or refrain from doing some designated thing". *Lucas v. Lucas*, 365 S.W.2d 372 (Tex.Civ. App.—Beaumont 1962, no writ). The above language meets this test and the trial court was thus required to follow the procedures for granting a temporary injunction before issuing this order. Since the restraining portion of the order set no time limit, it in effect was a temporary injunction as opposed to a temporary restraining order and was in violation of Rule 681 T.R.C.P. which states: "No temporary injunction shall be issued without notice to the adverse party". *City of Houston v. Houston Lighting & Power Co.*, 530 S.W.2d 866 (Tex.Civ.App.— Houston [14th Dist.] 1975, writ ref'd n. r. e.); *Worman v. Thompson*, 498 S.W.2d 507 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ).

Rule 693a permits the court in a divorce court to dispense with a bond in a case where an injunction is sought in behalf of one spouse against the other. However, *Couch Mtg. Co. v. Hughes*, 536 S.W.2d 70 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ) holds that Rule 693a is not applicable except in cases where the injunction is sought in a divorce action in behalf of one spouse against the other. Rule 684 is thus applicable to the present case and required that a bond be executed as a condition precedent to the issuance of a temporary injunction. In the absence of such bond the injunction is void *ab initio*. *Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex.1970). Appellant's points of error 6, 7, and 8 are sustained.

Judgment of the trial court is reversed, and judgment is here rendered dissolving the receivership and temporary injunction.