**NATIONWIDE LIFE INSURANCE COMPANY, Appellant,**

v.

**Geraldine Garrison Card NATIONS, et al., Appellees.**

**No. B14–83–356–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 28, 1983.

Rehearing Denied Sept. 22, 1983.

Charles W. Schwartz, Vinson & Elkins, Houston, for appellant.

George M. Bishop, Sullivan, Bailey, King, Bishop & Sabom, Russell T. VanKeuren, Houston, for appellees.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the denial of a motion to vacate a receivership and dissolve a temporary injunction. The receivership is vacated and the temporary injunction is dissolved.

In appellant's first point of error it contends that the injunction is void *ab initio* because the trial court failed to require a bond as a condition precedent to the issuance of the injunction as required by Tex. R.Civ.P. 684. The trial court enjoined appellant from proceeding with a scheduled foreclosure on some real property on which it held a valid lien. This property was involved in a divorce, and a receiver, appellee J.J. Gaitz, had been appointed to sell the property. After numerous defaults by appellee Geraldine Nations and her ex-husband George L. Nations, Jr., Nationwide attempted to foreclose at a sale scheduled for June 1, 1982. On May 27, 1982, appellee Nations filed a motion styled "Motion to Preserve Property." This motion sought a temporary restraining order and a temporary injunction prohibiting Nationwide from proceeding with the scheduled foreclosure sale as long as the receivership was in effect. The trial court granted the motion on May 28, 1982. On April 15, 1983, appellant filed its "Motion to Vacate Receivership and Dissolve Injunction." After two hearings, the court overruled appellant's motion and modified the injunction so that it would automatically expire on August 31, 1983 without further judicial action.

■ Under Tex.R.Civ.P. 684 a bond is specifically required as a condition precedent to the issuance of a temporary injunction. Failure of the applicant to file such a bond renders the injunction void *ab initio*. *Goodwin v. Goodwin,* 456 S.W.2d 885 (Tex.

1970). Appellee Nations contends that no bond was required because Tex.R.Civ.P. 693a applies in this case. We disagree. Rule 693a dispenses with the necessity of a bond for an ancillary injunction for *one spouse against the other.* Here the injunction was granted against a third party in favor of one of the spouses. Therefore, Rule 693a does not exempt appellees from posting a bond. *Northside Bank v. Wachendorfer,* 585 S.W.2d 789, 793 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ); *Couch Mtg. Co. v. Hughes,* 536 S.W.2d 70 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Because the trial court issued the temporary injunction without requiring a bond, it is void. Appellant's first point of error is sustained.

■ In its fourth point of error, appellant contends the receivership should be vacated because appellee Gaitz was appointed in violation of Tex.R.Civ.P. 695. Rule 695 provides in pertinent part:

Except where otherwise provided by statute, no receiver shall be appointed without notice to take charge of property which is fixed and immovable. When an application for appointment of a receiver to take possession of property of this type is filed, the judge or court shall set the same down for hearing and notice of such hearing shall be given to the adverse party by serving notice thereof not less than three days prior to such hearing.

In the present case, appellee Gaitz was appointed receiver by order of the court signed May 4, 1982. No notice was given to Nationwide nor to its assignor prior to the court's entering its order. While we recognize that Texas courts hearing a divorce action have equitable power to grant receivership over the marital estate where it is necessary, Tex.Rev.Civ.Stat.Ann. art. 2318 (Vernon 1971) limits this power where it is sought by the owner of marital property against a third party creditor. *Wachendorfer,* 585 S.W.2d at 792. We find no authority which would alleviate this obligation. Appointment of a receiver without notice is expressly forbidden where immovable prop-

erty is involved. Tex.R.Civ.P. 695; *Wachendorfer,* 585 S.W.2d at 791–792. Appellant's fourth point of error is sustained.

■ In its seventh point of error, appellant asks us to remand this case to the trial court for a determination of attorney's fees. Appellant alleges in its brief that the deed of trust contains a provision for attorney's fees for defending actions such as the one involved in this case. There is no pleading for attorney's fees. The deed of trust is not in the record before us and thus, there would be no basis for a determination of attorney's fees by the trial court. We, therefore, refuse to remand this cause to the trial court.

Since the above points of error are determinative of the disposition of this case, we find it unnecessary to address appellant's remaining contentions. The order creating the receivership is vacated and the temporary injunction is dissolved.

CANNON, J., not participating.

## MOTION FOR REHEARING

Appellant, has filed a Motion for Rehearing concerning this court's disposition of its seventh point of error wherein it requested that the case be remanded to the trial court for a determination of attorney's fees.

■ Although, Nationwide included a request for attorney's fees in its *Motion to Vacate Receivership and Dissolve Injunction* and the Deed of Trust provides for attorney's fees, appellant would not be entitled to such fees unless the Deed of Trust was actually admitted into evidence. Appellant's Motion for Rehearing contains an extract from the Statement of Facts showing that the Deed of Trust was submitted to the trial court for its consideration. While appellant did tender the exhibit, a reading of the remainder of the discussion shows that he failed to have the trial court rule on whether the exhibit was admitted. Without the exhibits being admitted in evidence there is no basis for the award of attorney's fees. The appellant's Motion for Rehearing is denied.