ACCEPTED
03-14-00697-CV
5770093
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/22/2015 2:39:38 PM
JEFFREY D. KYLE
CLERK

CASE NO. 03-14-00697-CV
IN THE THIRD COURT OF APPEALS
STATE OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/22/2015 2:39:38 PM
JEFFREY D. KYLE
Clerk

| | |
|---|---|
| PAMELA MEHL, | § |
| | § |
| Appellant, | § |
| | § |
| v. | § |
| | § |
| DAVID STERN, | § |
| | § |
| Appellee. | § |

## APPELLANT'S FIRST AMENDED BRIEF

On Appeal from Cause No. D-1-GN-14-002071
In the 250th Judicial District Court
Travis County, Texas

Respectfully submitted,

THE LEFLER LAW FIRM
1530 Sun City Blvd, Ste 119
Austin, Texas 78633
T (512) 869-2579
F (866) 583-7294

*/s/ Sandra M. Lefler*

SANDRA M. LEFLER
State Bar No. 12161040
slefler@leflerlegal.com

LEAD COUNSEL FOR APPELLANT

**NO ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**<u>Appellant</u>**
Pamela Mehl

**<u>Counsel</u>**
Sandra M. Lefler
THE LEFLER LAW FIRM
1530 Sun City Blvd, Ste 119
Austin, Texas  78633
T (512) 869-2579
F (866) 583-7294
slefler@leflerlegal.com

**<u>Appellee</u>**
David Stern

**<u>Counsel</u>**
Brent Allen Devere
DEVERE LAW FIRM
1411 West Avenue, Ste 200
Austin, Texas  78701
T (512) 457-8080
F (512) 457-8060
bdevere@1411west.com

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL.................................................................ii

TABLE OF CONTENTS ..............................................................................................iii

INDEX OF AUTHORITIES.........................................................................................vi

STATEMENT OF THE CASE.......................................................................................1

STATEMENT REGARDING ORAL ARGUMENT ....................................................3

ISSUES PRESENTED....................................................................................................4

STATEMENT OF FACTS..............................................................................................6

SUMMARY OF THE ARGUMENT ...........................................................................14

ARGUMENT AND AUTHORITIES...........................................................................16

   I.  APPELLANT SATISFIES THE REQUIREMENTS FOR
      MAINTAINING A RESTRICTED APPEAL.  THE SCOPE OF
      REVIEW BY THE APPELLATE COURT INCLUDES REVIEW
      OF THE ENTIRE CASE .......................................................................16

      A. Each of the Four Elements Necessary for a Restricted Appeal
         Exists Here...........................................................................................16

      B. The Scope of Review by this Court Includes Review of the
         Entire Case ..........................................................................................17

  II. ERROR 1:  THE ORIGINAL PETITION WAS FILED IN THE
      WRONG COUNTY IN VIOLATION OF THE MANDATORY
      VENUE PROVISIONS OF SECTION 15.011 OF THE TEXAS
      CIVIL PRACTICE AND REMEDIES CODE.  IT WAS
      REVERSIBLE ERROR FOR THE TRAVIS COUNTY COURT
      TO ENTER ITS JUDGMENT .................................................................18

III.   ERROR 2:  APPELLEE WAS ERRONEOUSLY AWARDED
       RESCISSION OF A LAND CONVEYANCE AS A REMEDY
       TO HIS BREACH OF CONTRACT CLAIM, WITHOUT
       ANY EVIDENCE IN THE RECORD TO SUPPORT
       RESCISSION ..................................................................20

IV.    ERROR 3:  THE DISTRICT COURT'S ARBITRARY AND
       UNSUPPORTED $20,000.00 MONEY DAMAGE AWARD TO
       APPELLEE CONSTITUTES APPARENT ERROR .....................24

V.     ERROR 4:  APPELLEE WAS ERRONEOUSLY AWARDED
       BOTH RESCISSION AND MONEY DAMAGES UNDER THE
       SINGLE CLAIM FOR BREACH OF CONTRACT ......................26

VI.    ERROR 5:  THE DISTRICT COURT'S $2,500.00
       ATTORNEY FEE AWARD WAS ARBITRARY AND
       UNREASONABLE, AND AWARDED WITHOUT ANY
       EVIDENCE OF THE PROPRIETY OF THOSE FEES OR
       THE AMOUNT THEREOF IN THE RECORD, AND THUS
       CONSTITUTES REVERSIBLE ERROR .........................................27

VII.   ERROR 6:  IN ADDITION TO THE MANDATORY VENUE
       REQUIREMENT UNDER SECTION 15.011, THE
       RECEIVERSHIP CLAIM WAS ALSO REQUIRED TO BE
       FILED IN THE COUNTY WHERE THE PROPERTY IS
       LOCATED (WILLIAMSON COUNTY), YET IT WAS FILED
       IN THE WRONG COUNTY (TRAVIS COUNTY) .........................30

VIII.  ERROR 7:  THE RECEIVERSHIP CLAIM FAILED TO
       NAME ALL PARTIES IN INTEREST – NAMELY,
       INDYMAC, THE FIRST MORTGAGE HOLDER –
       AS REQUIRED BY TEX. R. CIV. P. 39 ...........................................30

IX.    ERROR 8:  APPELLANT WAS NOT GIVEN THE
       STATUTORILY REQUIRED THREE-DAY NOTICE
       OF THE HEARING ON THE PETITION FOR
       APPOINTMENT OF A RECEIVER ...............................................33

**CONCLUSION AND PRAYER** .............................................................. 36

**CERTIFICATE OF SERVICE** ............................................................ 37

**CERTIFICATE OF COMPLIANCE** ................................................... 38

**APPENDIX**

# INDEX OF AUTHORITIES

**CASES**                                                                                      **Page**

*Alexander v. Alexander,* 99 S.W.2d 061 (Tex. Comm'n App.—
    Austin 1936, no writ) ............................................................................... 30

*Alexander v. Lynda's Boutique,* 134 S.W.3d 845 (Tex. 2004) ............... 16,24,28

*Arnold Motor Co. v. C.I.T. Corp.,* 149 S.W.2d 1056
    (Tex. Comm'n App.—Galveston 1941, no writ) .......................................... 31

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812
    (Tex. 1997) ............................................................................................... 28,29

*Associated Bankers Credit Co. v. Meis,* 456 S.W.2d 744 (Tex. Civ. App.—
    Corpus Christi 1970, no writ) .................................................................... 30

*Barker v. Roelke*, 105 S.W.3d 75 (Tex. App.—Eastland 2003,
    pet. denied) ................................................................................................. 20

*Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577 (Tex. App.—
    Texarkana 2012, no pet.) ........................................................................... 28

*Board of Firemen's Relief and Retirement Fund Trustees of Harris Cnty
    v. Stevens*, 372 S.W.2d 572 (Tex. Civ. App. 1963, no writ)........................ 25

*Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998) ................................................ 28

*Citizens Nat. Bank Texas v. NXS Const., Inc.*, 387 S.W.3d 74 (Tex. App.—
    Houston [14th Dist.] 2012, no pet.) ........................................................ 25,26

*Cooper v. Cochran*, 272 S.W.3d 756 (Tex. App.—Dallas 2008, no pet.) ........ 20

*Dallas Farm Mach. Co. v. Reaves*, 158 Tex. 1,
    307 S.W.2d 233 (Tex. 1957) .................................................................... 21,27

*Gray v. Phi Res., Ltd.*, 710 S.W.2d 566 (Tex. 1986) ......................................... 34

*Hani v. Jimenez*, 264 S.W.3d 881 (Tex. App.—Dallas 2008, pet. denied) ..... 25

*H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496 (Tex. App.—
Fort Worth 2012, no pet. h.) ................................................................. 21

*Helton v. Kimbell*, 621 S.W.2d 675 (Tex. App.—Fort Worth 1981,
no writ ....................................................................................... 33,34

*Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887 (Tex. 2000) ............. 25

*In re Estate of Hardesty*, 499 S.W.3d 895 (Tex. App.—
Texarkana 2014, no pet.) ..................................................................... 27

*Isaacs v. Bishop,* 249 S.W.3d 100 (Tex. App.—Texarkana 2008,
pet. denied) ............................................................................... 20,22

*Johnson v. Barnwell Prod. Co.*, 391 S.W.2d 776 (Tex. Civ. App.
—Texarkana 1965, writ ref'd n.r.e.) .................................................... 34

*Krumnow v. Krumnow*, 174 S.W.3d 820 (Tex. App.—Waco 2005,
pet. denied) ...................................................................................... 34

*L.P.D. v. R.C.,* 959 S.W.2d 728 (Tex. App. – Austin 1998, pet. denied) ........ 17

*Marion v. Marion*, 205 S.W.2d 426 (Tex. Civ. App.—
San Antonio 1947, no writ ................................................................ 34,35

*Mayberry v. Tex. Dep't of Agric.*, 948 S.W.2d 312 (Tex. App.—
Austin 1997, pet. denied) ..................................................................... 25

*McCarthy Bros. Co. v. Cont'l Lloyds Ins. Co.*, 7 S.W.3d 725
(Tex. App.—Austin 1999, no pet.) ........................................................ 27

*Merrell Dow Pharms., Inc. v. Havner*, 956 S.W.2d 706 (Tex. 1996) ........ 24,29

*Morton v. Hung Nguyen*, 369 S.W.3d 659 (Tex. App.—
Houston 14th Dist.] 2012, no pet. h.) ................................................. 21

vii

*N. Side Bank v. Wachendorfer*, 585 S.W.2d 789 (Tex. Civ. App.—
Houston [1st Dist.] 1979, no writ ) ................................................... 34

*Nationwide Life Ins. Co. v. Nations*, 654 S.W.2d 860 (Tex. App.—
Houston [14th Dist.] 1983, no writ) ................................................. 33

*Nelson v. Najm*, 127 S.W.3d 170 (Tex. App.—Houston
[1st Dist.] 2003 ....................................................................... 20,21,27

*Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269,
41 Tex. Sup. Ct. J. 83 (Tex. 1994) (per curiam) ............................... 16,17,18

*Petco Animal Supplies, Inc. v. Schuster,* 144 S.W.3d 554 (Tex. App. –
Austin 2004) ...................................................................... 16,17,25,29

*Pratt v. Amrex, Inc.*, 354 S.W.3d 502 (Tex. App.—San Antonio 2011,
pet. denied) ...................................................................................... 30

*Quaestor Invs., Inc. v. State of Chiapas,* 997 S.W.2d 226,
42 Tex. Sup. Ct. J. 1016 (Tex. 1999) ............................................... 16

*Roark v. Allen*, 633 S.W.2d 804 (Tex. 1982) ........................................ 25

*Scott v. Commercial Services of Perry, Inc.*, 121 S.W.3d 26
(Tex. App.—Tyler 2003, pet. denied) ............................................. 20

*Scott v. Sebree*, 986 S.W.2d 364, (Tex. App.—Austin 1999, pet. denied) . 21,26

*Starr v. Ferguson*, 162 S.W.2d 130 (Tex. Comm'n App. 1942, no writ) ........ 25

*Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586 (Tex. 1996) .......... 17

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006.) ............... 27

*Whitson Co. v. Bluff Creek Oil Co.*, 256 S.W.2d 1012
(Tex. Civ. App.—Fort Worth 1953, writ dism'd) ........................................ 31

*Young v. Kirsch*, 814 S.W2d 77 (Tex. App.—San Antonio 1991, no pet.) ...... 25

**STATUTES and OTHER AUTHORITIES**

TEX. CIV. PRAC. & REM. CODE § 15.001(b) ...................................................... 18

TEX. CIV. PRAC. & REM. CODE § 15.002 ......................................................... 18

TEX. CIV. PRAC. & REM. CODE § 15.011 .................................... 2,4,8,12,14,19,30

TEX. CIV. PRAC. & REM. CODE § 15.063 ......................................................... 19

TEX. CIV. PRAC. & REM. CODE § 64.091 ......................................................... 33

TEX. CIV. PRAC. & REM. CODE § 64.092 ......................................................... 33

TEX. DISCIPLINARY RULES OF PROF'L CONDUCT § 1.04 .................................. 28

TEX. R. APP. P. 26.1(c) ................................................................................. 16

TEX. R. APP. P. 30 ........................................................................................ 16

TEX. R. CIV. P. 39 .................................................................................... 31, 32

TEX. R. CIV. P. 39(a) .............................................................................. 13,31,32

TEX. R. CIV. P. 39(a)(ii) ................................................................................. 32

TEX. R. CIV. P. 47 ........................................................................................ 25

TEX. R. CIV. P. 47(c) .................................................................................... 26

TEX. R. CIV. P. 695 ............................................................................... 10, 33,34

## STATEMENT OF THE CASE

On June 26, 2014, Appellee David Stern filed this action in the 250th Judicial District of <u>Travis County</u>, Texas for (a) Trespass to Try Title and rescission of a real estate conveyance in <u>Williamson County</u>, Texas; (b) damages for breach of the underlying contract; (c) attorney fees; and (d) the appointment of a receiver to sell the subject real estate. (Clerk's Record (C.R.) 3 – *Original Petition*.) Underlying the lawsuit was a written settlement agreement between the parties to resolve numerous claims asserted by them in numerous legal proceedings.

Appellant Pamela Mehl was served with process at the office of her then-attorney, J. Randall Grimes, in Georgetown, Williamson County, Texas. (C.R. 14 – *Affidavit of Service*.) Appellant gave her attorney the Petition, but he never filed a timely answer or other response to the Petition.

On July 29, 2014, the district court signed a no answer default judgment against Appellant. (C.R. 15 – *Judgment for Title to Real Estate and Damages*.) Appellant Mehl did not participate in the hearing whatsoever. No reporter's record was made of those proceedings. No notice was given of the district court's hearing addressing the appointment of the receiver. The Judgment awarded Plaintiff rescission of only the property conveyance portion of the settlement agreement, additional monetary damages, attorney fees, and appointed a receiver to take possession of and sell the real property.

Appellant did not know about the Judgment in time to file post-judgment motions or a timely ordinary appeal. After being contacted by the Receiver, Appellant learned of the Judgment and filed a Notice of Appeal timely commencing this restricted appeal. Appellant also filed a Petition for Writ of Mandamus because the district court violated the mandatory venue requirements under Section 15.011 of the Texas Civil Practice and Remedies Code, and the receiver's actions are threatening the sale of the property pending this appeal. The Petition for Writ was denied. This appeal continues.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives the right to oral argument. This appeal is to be decided on the face of the district court record, and upon the clear, unrefuted law of this state which establishes that reversible error occurred.

# ISSUES PRESENTED

1. Whether Appellant satisfies the requirements for maintaining a restricted appeal, and what constitutes the scope of review by this Court on appeal.

2. Whether Appellee's filing of the Original Petition in the wrong county in violation of the mandatory venue provisions of Section 15.011 of the Texas Civil Practice and Remedies Code, and the district court's entry of judgment in the wrong county constitutes reversible error.

3. Whether rescission of only a portion of a transaction – here, a land conveyance, without evidence in the record to support rescission – constitutes reversible error.

4. Whether it was error for the district court to award $20,000.00 in damages without any evidence in the record to support the damages award.

5. Whether it is reversible error for the district court to award both rescission and monetary damages under a single claim for breach of contract.

6. Whether it is reversible error for the district court to award $2,500.00 in attorney fees where the underlying judgment was erroneously entered and with insufficient evidence in the record of the propriety of such fees or the amount thereof.

7. Whether it is reversible error for the district court to appoint a receiver in a county where the real property is not located.

8. Whether it is reversible error for the district court to appoint a receiver in a case where a party in interest (namely, the first mortgage holder) is not named as a party in the suit.

9. Whether it is reversible error for the Appellee to fail to give the Appellant three-day notice prior to the hearing on the issue of appointment of a receiver.

**STATEMENT OF FACTS**

1.      On June 26, 2014, Appellee Stern filed an Original Petition against Mehl in the ***Travis County*** District Court, on claims seeking rescission of a conveyance of real property, in ***Williamson County***, Texas, trespass to try title, breach of contract, monetary damages, appointment of a receiver over the ***Williamson County*** property, and attorney fees.  (C.R. 3-12 - *Original Petition*.) Underlying this suit was a settlement agreement previously entered into between the parties resolving numerous legal claims between them pending in more than one proceeding.  (C.R. 5 - *Original Petition*, p. 3, ¶ 7.)

2.      In Paragraph 2 of the Petition, Appellee Stern states:  "Defendant [Appellant herein] . . . can be served with process at 700 Grove Lane, Georgetown, Texas  78626."   (C.R. 3 - *Original Petition*, p. 1, ¶ 2.) This Williamson County address is the same address as the Property that is the subject of the Travis County suit.  (C.R. 4-5 - *Original Petition*, pp. 2-3, ¶ 6.)  The entire city of Georgetown, Texas is in Williamson County, Texas.

3.      In support of his assertion that the Travis County court had jurisdiction over this real property case, Appellee Stern's Petition claims:

a. that the litigation settlement agreement "that is in part the basis of this suit" was "ratified in Travis County, Texas, by a United States Bankruptcy Judge (C.R.4 - *Original Petition*, p. 2, ¶ 4(a));

b. that the underlying mediation that resulted in the parties' settlement agreement occurred in Travis County (C.R. 4 - *Original Petition*, p. 2, ¶ 4(b)); and

c. that a deed of trust given by Appellant Mehl to Stern as collateral for Mehl's payment under the settlement agreement was negotiated and approved by the U.S. Bankruptcy Court in Austin, Travis County, Texas (C.R. 4 - *Original Petition*, p. 2, ¶ 4(c)). However, the U.S. Bankruptcy Court for the Western District of Texas has jurisdiction over the entirety of Williamson County, Texas as well.

Despite those allegations, Appellee Stern also acknowledged in his Original Petition that:

a. the property that is the subject of the action is located in Williamson County, Texas (C.R. 4-5 - *Original Petition*, pp. 2-3, ¶ 6);

b. the deed and the deed of trust that are the subject of the action were each recorded in the real property records of Williamson County, Texas (C.R. 5 - *Original Petition*, p. 3, ¶ 9); and

c. Appellant Stern alleged a cause of action for trespass to try title and rescission based on an implied vendor's lien – each of which is a real property claim (C.R. 6-7 - *Original Petition*, pp. 4-5, ¶¶ 13-16).

4. TEX. CIV. PRAC. & REM. CODE § 15.011 has a mandatory venue section for real property. With associated real property, it is mandatory that:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property <u>shall be brought in the county in which all or a part of the property is located</u>.

(Emphasis added.) TEX. CIV. PRAC. & REM. CODE § 15.011.

4. On July 3, 2014, Appellant Mehl was properly served with process and the Original Petition at her then-attorney's office, J. Randall Grimes. (C.R. 14 - *Return of Service*.)

5. Appellant Mehl's attorney failed to timely answer or otherwise file any response to the Travis County Original Petition. No documents of any kind whatsoever were filed on her behalf.

6. On July 29, 2014, the Travis County court conducted a hearing on Appellant Mehl's default and on Appellee's request for appointment of a receiver. (C.R. 15 - *Judgment for Title to Real Estate and Damages* (*"Judgment"*) (*see* Appendix A).)

7.   No notice of the hearing was given to Appellant Mehl.

8.   Appellant Mehl did not attend the hearing or participate in the hearing.

9.   At the July 29, 2014 hearing, the Travis County court entered a no-answer default judgment in favor of Appellee Stern and against Appellant Mehl. (C.R. 15 - *Judgment*; *see* Appendix A.)

10.   In the *Judgment,* the Court ruled in favor of Appellee Stern regarding his claims, as follows:

   a.   The Court recognized Stern had "a vendor's lien, equitable lien and a deed of trust to secure assumption for and in favor of David Stern on . . . [t]he "Property" . . . otherwise known as 700 Grove Lane, Georgetown, Texas, 78626, Williamson County . . . by virtue of David Stern's prior 50% conveyance of the Property to Pamela Mehl" (C.R. 16 - *Judgment,* p. 2, ¶ A);

   b.   The Court awarded Stern "judgment for title and possession of 50% of the Property based on a rescission of the prior conveyance . . ." (C.R. 16 - *Judgment,* p. 2, ¶ B);

   c.   The Court awarded Stern "actual damages against Pamela Mehl in the amount of $20,000.00" (C.R. 16 - *Judgment,* p. 2, ¶ C);

d. The Court awarded Stern "attorneys' fees in the amount of $2,500.00" (C.R. 16 - *Judgment,* p. 2, ¶ D);

e. The Court awarded Stern post-judgment interest at the rate of 5% from the date of judgment until paid (C.R. 16 - *Judgment,* p. 2, ¶ E);

f. Costs were taxed against Appellant Mehl (C.R. 16 - *Judgment,* p. 2, ¶ F); and

g. The Court found that Stern "has a right to the Property", and that "the Property is in danger of being materially injured," and appointed a receiver over the Property (C.R. 16-17 - *Judgment,* pp. 2-3, ¶ G). The Receiver was ordered to post only a $200.00 bond, and was given the power to take charge and keep possession of the Property, receive rents, and sell the Property, with the sale proceeds being applied to extinguish any indebtedness on the property with the balance "being paid 50/50 to Plaintiff [Stern] and Defendant [Mehl]. (C.R. 16-17 - *Judgment,* p. 2-3, ¶ G.)

11. No three-day notice was given to Appellant Mehl prior to the hearing on the appointment of the Receiver as required by Section 695 of the Texas Rules of Civil Procedure, even though Appellee Stern even requested at paragraph 4 of the prayer in his Original Petition that notice of the receivership hearing issue.

(C.R. 9 - *Original Petition,* p. 7, prayer ¶ 4.) ("The court fix the time and date for hearing on the application for appointment of receiver and the Court enter an order specifying the notice to be given Defendant of this hearing, and the manner in which the notice is to be served.")

12. No court reporter's record was made at the July 29, 2014 hearing on Appellee's motion for default judgment.

13. The Travis County Clerk mailed written notice of the entry of the judgment to Appellant on August 5, 2014 (C.R. 61 – *Docket Sheet*), but she did not receive the Notice. The Notice was returned to the Court marked, "Unclaimed". (C.R. 61 - *Envelope from Travis County Clerk to Appellant,* postmarked *"Returned to Sender – Unclaimed – Unable to Forward,* filed 9/23/2014 in the Travis County District Court.) (Supplemental Clerk's Record II, dated June 12, 2015 ("S.C.R. II") at 3 - *Envelope from Travis County Clerk to Appellant,* postmarked *"Returned to Sender – Unclaimed – Unable to Forward,* filed 9/23/2014 in the Travis County District Court.)

14. Appellant Mehl, unaware of the entry of the Judgment until sometime in October 2014, when she was contacted by the Receiver, was out of time to file a request for findings of fact and conclusions of law and/or a motion for a new trial. (C.R. 34 - *Notice of Restricted Appeal,* p. 3, ¶ 10.)

15.     Appellant Mehl filed this Restricted Appeal on November 4, 2014, 98 days following the date of the entry of the Judgment on July 29, 2014.  (C.R. 34 - *Notice of Restricted Appeal*.)

16.     Error is apparent on the face of the record of the Travis County Lawsuit in the following ways:

a. The Original Petition was not filed in the correct county.  The real property is located in Williamson County, and mandatory venue is therefore required in Williamson County under Section 15.011 of the Texas Civil Practice and Remedies Code.  Appellee instead erroneously filed suit in Travis County. (C.R. 3 - *Original Petition*);

b. Appellee Stern did not specify an amount of money damages in his Original Petition (C.R. 9 - *Original Petition,* p. 7, ¶ 2), yet without a court reporter's transcript and any proof of any evidence presented to the Court, the no-answer default Judgment awarded him $20,000.00 in damages. (C.R. 16 - *Judgment,* p. 2, ¶ C);

c. Appellee Stern did not specify an amount of attorney fees in his Original Petition (C.R. 9 - *Original Petition,* p. 7, ¶ 5), yet without a court reporter's transcript and only meager evidence presented to

the Court, the no-answer default Judgment awarded him $2,500.00 in attorney's fees. (C.R. 16 - *Judgment,* p. 2, ¶ D);

d. Appellee Stern sought <u>both </u>rescission <u>and</u> damages for breach of contract (C.R. 6-7 - *Original Petition*, pp. 4-5, ¶13-19), and was improperly awarded *both rescission and money damages.* (C.R. 16-17 - *Judgment,* p. 2 ¶¶ B & C);

e. Appellee Stern's claim for appointment of a receiver was granted by the Travis County court, even though that claim contained fatal errors insufficient to establish Appellee Stern's right to a receiver:

  i. The receivership claim was filed in the wrong county (Travis) rather than where the land is located (Williamson County) (C.R. 3 - *Original Petition)*;

  ii. The receivership claim failed to name all parties in interest as required by Rule 39(a) of the Texas Rules of Civil Procedure; specifically, the Original Petition fails to name as a party to the action the first mortgage holder on the property, IndyMac. (C.R. 3 - *Original Petition*); and

  iii. The receivership hearing occurred without the statutorily mandated three-day notice to Appellant in violation of her due process rights herein.

## SUMMARY OF THE ARGUMENT

1.  The Appellant satisfies the requirements for pursing this restricted appeal.

2.  The district court entered its no-answer default Judgment, wholly disregarding that this action was not filed in the proper venue in keeping with the mandatory venue requirements of Section 15.011 of the Texas Civil Practice & Remedies Code. As a result, the Judgment must be reversed.

3.  Several points of error appear on the face of the record requiring reversal of the judgment:

A.  The district court rescinded only a portion of a transaction – here, a land conveyance – without addressing all of the other requirements necessary to support rescission, including no evidence in the record to support rescission.

B.  The district court awarded $20,000.00 in damages without any evidence in the record to support the damages award; therefore, the damage award must be reversed.

C.  The district court erroneously awarded both rescission and monetary damages under a single claim for breach of contract.

D.  The district court erroneously awarded $2,500.00 in attorney fees on a judgment that was itself erroneously entered for the reasons set

forth herein, and without sufficient evidence of the propriety of such fees or the amount thereof in the record.

E.    The district court erroneously appointed a receiver over real property in a county where the real property is not located.

F.    The district court committed reversible error when it failed to give Appellant not less than a three-day notice of the hearing on the issue of appointment of a receiver.

## ARGUMENTS AND AUTHORITIES

I. **APPELLANT SATISFIES THE REQUIREMENTS FOR MAINTAINING A RESTRICTED APPEAL. THE SCOPE OF REVIEW BY THE APPELLATE COURT INCLUDES REVIEW OF THE ENTIRE CASE.**

    A. *Each of the Four Elements Necessary for a Restricted Appeal Exists Here*.

Pursuant to Rule 30 of the Texas Rules of Appellate Procedure, a direct attack on a judgment by restricted appeal (1) must be brought within six months after a trial court signs the judgment; and (2) must be brought by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of, timely file a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the normal 30-day period; and (4) the error complained of must be apparent from the face of the record. TEX. R. APP. P. 30*; Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30; *Quaestor Invs., Inc. v. State of Chiapas,* 997 S.W.2d 226, 227, 42 Tex. Sup. Ct. J. 1016 (Tex. 1999)); *Petco Animal Supplies, Inc. v. Schuster,* 144 S.W.3d 554, 558-559 (Tex. App. – Austin 2004) (citing TEX. R. APP. P. 30; *Norman Communications v. Texas Eastman Co.,* 955 S.W.2d 269, 207, 41 Tex. Sup. Ct. J. 83 (Tex. 1994) (per curiam).

As established in the Statement of Facts, Appellant filed this appeal 98 days following entry of the Judgment – well within the six-month filing requirement.

Mehl was the named defendant in the suit below, and she was not given any notice of and did not participate in the no-answer default judgment hearing. The essential inquiry turns on whether Appellant took part in the "decision-making event" that resulted in the entry of the Judgment. *Texaco, Inc. v. Cent. Power & Light Co.,* 925 S.W.2d 586, 589 (Tex. 1996). There is no evidence in the record that Appellant Mehl participated in the July 29, 2014 hearing resulting in the entry of the Judgment. Further, without any knowledge of the hearing and the court's action taken that day (including entry of the Judgment), Mehl missed the opportunity to timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within 30 days. This is the very type of case for which restricted appeals are intended, and Appellate satisfies the procedural requirements.

### B. The Scope of Review by this Court Includes Review of the Entire Case.

In a restricted appeal, we are limited to considering only the face of the record, but our scope of review *is otherwise the same as that in an ordinary appeal;* that is, we review the entire case.

*Petco Animal Supplies, Inc. v. Schuster,* 144 S.W.3d 554, 558-559 (Tex. App. – Austin 2004)(citing *Norman,* 955 S.W.2d at 270; *L.P.D. v. R.C.,* 959 S.W.2d 728, 730 (Tex. App. – Austin 1998, *pet. denied*). The face of the record for purposes of restricted appeal review, consists of all the papers on file in the appeal, including the reporter's record. *Norman Communications*, 955 S.W.2d at 270. Thus, "it

necessarily follows that review of the entire case includes review of legal and factual insufficiency claims." *Id.*

In this case, numerous errors appear on the face of the record below requiring reversal of the no answer default judgment.

**II.     ERROR 1:   THE ORIGINAL PETITION WAS FILED IN THE WRONG COUNTY IN VIOLATION OF THE MANDATORY VENUE PROVISIONS OF SECTION 15.011 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE.    IT WAS REVERSIBLE ERROR FOR THE TRAVIS COUNTY COURT TO ENTER ITS JUDGMENT.**

In filing his Petition in Travis County, Appellee relied solely upon the general venue statute set forth in Section 15.002 of the Texas Civil Practice and Remedies Code – specifically subsection (1) thereof, which provides that all lawsuits shall be brought "(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred."[1]  This wholly disregards the definition of "proper venue" set forth at Section 15.001(b):

> Sec. 15.001.  DEFINITIONS.  In this chapter:
>
> * * *
>
> (b)  "Proper venue" means:

---

[1] Appellee enumerated irrelevant references to Travis County in its Petition in an apparent attempt to convince the court that Travis was "the county in which all or a substantial part of the events . . . giving rise to the claim occurred", under TEX. CIV. PRAC. & REM. CODE Section 15.002. (C.R. 4 - *Original Petition,* p. 2, ¶¶ 4-5; Appellants' Statement of Facts, *supra,* ¶ 3.)

> (1) the venue *required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue;* or
>
> (2) *if Subdivision (1) does not apply,* the venue provided by this subchapter or Subchapter C.

Here, Subchapter B provides the Mandatory Venue provision applicable to this case. At Section 15.011 thereof, we see:

> Section 15.011. LAND. Actions for recovery of real property or an estate or interest in real property for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Thus, the "proper venue" for this case is where the subject Property is located: Williamson County. This is a *mandatory* requirement for venue, not one Appellee or the district court were free to disregard in an exercise of their own discretion. Since Appellant's counsel failed to file any responsive pleading to the Original Petition and Appellant was herself unaware of the action taking place in the district court, including the entry of the default judgment, she never had the opportunity to seek a transfer of the action to Williamson County – the county of proper venue – under TEX. CIV. PRAC. & REM. CODE § 15.063.

If venue is improper due to a mandatory venue provisions, *this is <u>always</u> reversible error.*

Appellant also sought to correct the district court's error through her Petition for Writ of Mandamus also filed with this Court; however, the Petition was denied. Therefore, Appellant looks upon this Court to remedy the district court's disregard of the mandatory venue statute and reverse the underlying Judgment.

Based upon the foregoing, the district court's Judgment should be reversed since the court lacked proper venue for addressing Plaintiff's claims.

## III. ERROR 2: APPELLEE WAS ERRONEOUSLY AWARDED RESCISSION OF A LAND CONVEYANCE AS A REMEDY TO HIS BREACH OF CONTRACT CLAIM, WITHOUT ANY EVIDENCE IN THE RECORD TO SUPPORT RESCISSION.

The Judgment awarded Appellee both rescission of a conveyance of an interest in land, and also money damages, as recovery for his claim of breach of contract. (C.R. 16 - *Judgment,* p.2, ¶¶ A-D.) Rescission is an equitable remedy that operates to set aside a contract that is legally valid, but is marred by fraud or mistake, or, if for some other reason, the court must set it aside to avoid unjust enrichment. *Isaacs v. Bishop,* 249 S.W.3d 100, 109 (Tex. App.—Texarkana 2008, pet. denied); *Nelson v. Najm*, 127 S.W.3d 170, 176–177 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *Scott v. Commercial Services of Perry, Inc.*, 121 S.W.3d 26, 30 (Tex. App.—Tyler 2003, pet. denied)*; Barker v. Roelke*, 105 S.W.3d 75, 84 (Tex. App.—Eastland 2003, pet. denied)*; see Cooper v. Cochran*, 272 S.W.3d 756, 767 (Tex. App.—Dallas 2008, no pet.) (rescission is type of relief that must be prayed for or court cannot grant it). As a general rule, the court will order the parties

to return any consideration paid, restoring them to their respective positions as if the contract had never existed. *Morton v. Hung Nguyen*, 369 S.W.3d 659, 670 (Tex. App.—Houston [14th Dist.] 2012, no pet. h.)*; H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 509 (Tex. App.—Fort Worth 2012, no pet. h.) ("Upon rescission, the rights and liabilities of the parties are extinguished …").

What makes rescission an inappropriate remedy here is that it provided Appellee with, among other things, <u>double recovery</u>. Rescission is an <u>alternative</u> to the recovery of damages for breach. *See Scott v. Sebree*, 986 S.W.2d 364, 368–370 (Tex. App.—Austin 1999, pet. denied). A party establishing grounds for rescission, such as by proof of fraudulent inducement to make the contract, must choose either to stand on the contract and recover damages <u>or</u> to rescind. *Dallas Farm Mach. Co. v. Reaves*, 158 Tex. 1, 307 S.W.2d 233, 238–239 (Tex. 1957)*; Nelson v. Najm*, 127 S.W.3d 170, 176–177 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). As a general rule, equity does not allow rescission of a contract for a mere breach of the contract, particularly when damages are an adequate remedy.

Moreover, in this case there is no evidence in the record proving Appellee's entitlement to rescission. As with the money damage award and attorney fees, next discussed, the record is void of any proof, as Appellee failed to request a court reporter's record establishing any of this proof; and, his Petition is unsworn. To be entitled to rescission, a party must show that (1) the party and the defrauding party

are in the status quo (*i.e.,* there are no retained benefits received under the instrument and not restored to the other party), *or* (2) there are equitable considerations that obviate the need for the status quo relationship. *Isaacs v. Bishop*, 249 S.W.3d 100, 110 (Tex. App.—Texarkana 2008, pet. denied). The court should consider an inability to return the parties to their former position in determining whether rescission would be equitable. *Id.*

Nothing appears in the record evidencing that the parties were being returned to status quo through rescission *of the conveyance only.* In fact, on the face of the record, just the opposite is true: The conveyance reversed only one small portion of a much greater exchange of property rights and interests between the parties; thus, the rescission was incomplete and did little to restore status quo. Instead, it placed Appellee in a *more favorable* position than he was prior to the settlement, which is a completely *inequitable* result. Specifically, the transaction Appellee sought to rescind was a settlement agreement containing resolution of *multiple* issues and elements of consideration entered into between the parties for the purpose of resolving numerous legal disputes between them. Appellee's Original Petition explains the multi-faceted nature of this agreement:

> 7. The parties subsequently engaged in lengthy litigation in several courts, including both state district court and bankruptcy court, over a number of issues. Ultimately, the Plaintiff and Defendant reached a settlement of the litigation that, ***in part,*** resulted in a division of the Property.

8. As ***part*** of the settlement agreement, Plaintiff agreed to transfer his 50% interest in the Property to Defendant by a Special Warranty Deed ("Deed" herein) and Defendant in turn executed a Deed of Trust to Secure Assumption to Plaintiff . . . whereby Defendant agreed, ***among other things,*** to timely tender mortgage payments to the preexisting lienholder ("Bank" herein) and ultimately refinance the Bank mortgage by 2016.

(C.R. 5 - *Original Petition,* p. 3, ¶¶ 7, 8) (emphasis added).) Looking next to the Judgment, the district court makes no mention of any of the aspects of the settlement agreement whatsoever, does not address status quo, and does not find in the alternative that equitable considerations obviate the need for status quo. Instead, the district court simply states without explanation:

B. The Court hereby awards David Stern judgment for title and possession of 50% of the Property based on a rescission of the prior conveyance under document # 2013063557 of the Williamson County Real Property Records.

(C.R. 16 - *Judgment,* p. 2, ¶ C.) The rescission, if proper, would have rescinded the *entire settlement agreement* and placed the parties back in their original positions. Instead, the district court only transferred one real property interest back to Appellee, did not absolve Appellant of her underlying obligation regarding payment of the first mortgage indebtedness, and makes no mention of anything else pertaining to the settlement. This is incomplete, and is error on the face of the record justifying reversal of the rescission of the conveyance.

## IV. ERROR 3: THE DISTRICT COURT'S ARBITRARY AND UNSUPPORTED $20,000.00 MONEY DAMAGE AWARD TO APPELLEE CONSTITUTES APPARENT ERROR.

In the present suit, there exists no evidence in the record to support the District Court's $20,000.00 award of damages against Appellant, indicating the award is an arbitrarily assessed amount constituting apparent error. As was previously stated, in order for an appellant to prevail on its restricted appeal, "error [must be] apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Moreover, a "no evidence" point will be sustained when there is a complete absence of evidence of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1996); *see also Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 559 (Tex. App. – Austin 2004, no pet.).

Here, there exists no reporter's record, statement of facts, or evidence of any kind whatsoever to support the District Court's $20,000.00 actual damages award to Appellee. Appellee's Original Petition was silent as to any damage amount sought. Thus, there is nothing in the evidence to support the district court's Judgment itself, which awards Appellee "actual damages against [Appellant] in the amount of $20,000 (Twenty Thousand and 00/100 Dollars)."

Further, as a general rule of pleading, the Texas Rules of Civil Procedure require that the petition must give fair and adequate notice of the facts upon which the petitioner bases his claim, in order to give the opposing party sufficient

information to enable him or her to prepare a defense. *See* Tex. R. Civ. P. 47; *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). While the petition is not required to plead a specific amount or measure of damages, *see Young v. Kirsch*, 814 S.W.2d 77, 82-83 (Tex. App.—San Antonio 1991, no pet.), it must nevertheless sufficiently allege the relief sought. *See Board of Firemen's Relief and Retirement Fund Trustees of Harris Cnty v. Stevens*, 372 S.W.2d 572, 574 (Tex. Civ. App. 1963, no pet.) "It is well settled that the court may not grant relief not supported by [the] pleading or prayer." *Stevens*, 372 S.W.2d at 574 (citing *Starr v. Ferguson*, 166 S.W.2d 130 (Tex. Comm. App. 1942, no pet.)). Therefore, the finder of fact in a lawsuit has broad discretion to award damages within the range of evidence presented, *"so long as a rational basis exists for its calculation."* *Hani v. Jimenez*, 264 S.W.3d 881, 888 (Tex. App.—Dallas 2008, pet. denied) (citing *Mayberry v. Tex. Dep't of Agric.*, 948 S.W.2d 312, 317 (Tex. App.—Austin 1997, pet. denied) (emphasis added). "[The Court] may not arbitrarily assess an amount that is *not authorized or supported by the [] evidence*; [it] may not 'pull figures out of a hat.'" *Citizens Nat. Bank of Texas v. NXS Const., Inc.*, 387 S.W.3d 74, 83 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (emphasis added) (citation omitted).

In paragraph 5 of Appellee's Original Petition, he simply makes a claim that the monetary damages are within the jurisdictional limits of the Court (between $200,000.00 and $1,000,000.00), without further specifying any specific actual damages to which he is entitled. (C.R. 4 -- *Original Petition,* p. 2, ¶ 5.) Indeed, nowhere in Appellee's Original Petition does he include a statement that he seeks monetary relief at all, in contradiction to the Texas Rules of Civil Procedure. TEX. R. CIV. P. § 47(c). This omission, coupled with no factual evidence or support for the Court's award, further bolsters the conclusion that the amount was arbitrarily awarded and constitutes apparent error. *Cf, Citizens Nat. Bank of Texas v. NXS Const., Inc.*, 387 S.W.3d 74, 83 (Tex. App—Houston [14th Dist.] 2012, no pet.).

Therefore, the district court's award of $20,000.00 actual damages must be reversed.

## V. ERROR 4: APPELLEE WAS ERRONEOUSLY AWARDED BOTH RESCISSION AND MONEY DAMAGES UNDER THE SINGLE CLAIM FOR BREACH OF CONTRACT

As established above, both rescission the award of damages were erroneous and constituted reversible error. Nevertheless, if this Court were to uphold the awards, it would constitute error. Rescission is an *alternative* to the recovery of damages for breach. *See Scott v. Sebree*, 986 S.W.2d 364, 368-370 (Tex. App.—Austin 1999, pet. denied). A party establishing grounds for rescission, such as by proof of fraudulent inducement to make the contract, must choose either to stand on

the contract and recover damages *or* to rescind. *Dallas Farm Mach. Co. v. Reaves*, 168 Tex. 1, 307 S.W.2d 233, 238-239 (Tex. 1957); *Nelson v. Najm*, 127 S.W.3d 170, 176-177 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Here, the district court awarded *both,* and that double recovery should not be allowed to stand. Therefore, the award was reversible error and should be corrected by this Court.

**VI. ERROR 5: THE DISTRICT COURT'S $2,500.00 ATTORNEY FEE AWARD WAS ARBITRARY AND UNREASONABLE, AND WAS AWARDED ON AN ERRONEOUS JUDGMENT, WITHOUT SUFFICIENT EVIDENCE OF THE PROPRIETY OF THOSE FEES OR THE AMOUNT THEREOF IN THE RECORD, AND THUS CONSTITUTES REVERSIBLE ERROR.**

The district court's $2,500.00 attorney's fees award to Appellee was based upon the erroneous entry of judgment for Appellee (as above set forth) and is unsupported by sufficient evidence in the record, making it arbitrary and unreasonable, which constitutes apparent error. Generally, attorney's fees in Texas are not recoverable from an opposing party unless authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Where attorney's fees are authorized, "[t]rial courts have wide discretion in determining what is equitable and just in awarding [them], and appellate courts will not overturn such a decision unless it is clear from the facts the trial court abused its discretion." *In re Estate of Hardesty*, 499 S.W.3d 895, 918 (Tex. App.—Texarkana 2014, no pet.) (citing *McCarthy Bros. Co. v. Cont'l Lloyds Ins. Co.*, 7 S.W.3d 725, 731 (Tex. App.—Austin 1999, no pet.).

Moreover, it is a widely accepted principle that, in awarding attorney's fees, the amount must be "reasonable and necessary." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Factors to be considered in determining what is reasonable and necessary include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of employment precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent on results obtained, or uncertainty of collection before the legal services have been rendered. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); TEX. DISCIPLINARY RULES OF PROF'L CONDUCT § 1.04. Additionally, when a party is awarded attorney fees without any legally correct basis for the award, error has occurred, justifying reversal. *Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 588 (Tex. App.—Texarkana 2012, no pet.).

As was stated above, in order for an appellant to prevail on its restricted appeal, "error [must be] apparent on the face of the record," *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004), and a "no evidence" point will be

sustained when there is a complete absence of evidence of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1996); *see also Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 559 (Tex. Civ. App. – Austin 2004, no pet.). The only proof in the record in support of attorney fees is the Affidavit of Brent Devere, which made two conclusory statements only: (a) that 10 hours of time was reasonable in this matter, and (b) that $250 per hour was an acceptable fee. (See Supplemental Court Record I dated April 9, 2015 ("S.C.R. I") at 15-17). No other proof was offered in support of those conclusory statements. Nowhere did Appellee address the numerous factors set forth in *Arthur Andersen*. Moreover, as shown above, these attorney fees assume that a proper judgment must first have been awarded in favor of Appellee in order to justify a fee award; yet, as shown herein, the judgment itself was not proper.

Appellee here proffered no arguments, and the record contains insufficient evidence or statement of facts that supports a finding that $2,500.00 in attorney's fees was reasonable and necessary. Further, nowhere in the record is there an examination by the district court of the eight factors from *Arthur Andersen*. As a result, the district court's award of $2,500.00 for attorney's fees was arbitrary and unreasonable, constituting apparent error, and must be reversed.

## VII.  ERROR 6:  IN ADDITION TO THE MANDATORY VENUE REQUIREMENT UNDER SECTION 15.011, THE RECEIVERSHIP CLAIM WAS ALSO REQUIRED TO BE FILED IN THE COUNTY WHERE THE PROPERTY IS LOCATED (WILLIAMSON COUNTY), YET IT WAS FILED IN THE WRONG COUNTY (TRAVIS COUNTY).

In general the usual rules of venue apply to receivership proceedings.  *See, e.g., Pratt v. Amrex, Inc*., 354 S.W.3d 502, 504–505 (Tex. App.—San Antonio 2011, pet. denied) (venue exception for land determined proper venue in action by receiver against strange to receivership); *Alexander v. Alexander*, 99 S.W.2d 1062, 1064 (Tex. Comm'n App.—Austin 1936, no writ) (allegation that underlying action was for partition of real estate in Brown County was sufficient to show jurisdiction of Brown County district court).  Here, there is no question that the mandatory venue statute in Section 15.011 applies.  Consequently, the receivership claim is similarly subject to the mandatory venue of Williamson County.  The Travis County court was without authority to issue the receivership order, constituting reversible error.

## VIII. ERROR 7:  THE RECEIVERSHIP CLAIM FAILED TO NAME ALL PARTIES IN INTEREST – NAMELY, INDYMAC, THE FIRST MORTGAGE HOLDER -- AS REQUIRED BY TEX. R. CIV. P. 39.

In an application for a receivership, all persons or entities over whose properties a receiver is to be appointed are parties needed for just adjudication of the proceeding.  *Associated Bankers Credit Co. v. Meis*, 456 S.W.2d 744, 747

(Tex. Civ. App.—Corpus Christi 1970, no writ) (all such persons held necessary and indispensable under former Tex. R. Civ. P. 39); *see also* Tex. R. Civ. P. 39(a); *Arnold Motor Co. v. C. I. T. Corp.*, 149 S.W.2d 1056, 1059 (Tex. Comm'n App.—Galveston 1941, no writ) (applying traditional "fundamental error" analysis). Even before the 1970 amendments to Civil Procedure Rule 39, Texas courts had some reluctance to treat a problem of parties as jurisdictional (*see Whitson Co. v. Bluff Creek Oil Co.*, 256 S.W.2d 1012, 1014 (Tex. Civ. App.—Fort Worth 1953, writ dism'd) (in action between co-owners of oil lease, appointment of receiver was not reversible error despite failure to join owners of overriding royalty interest, because trial court could determine at trial on merits whether all necessary parties had been joined). Under modern procedure, however, all persons who claim an interest in properties placed in receivership should be joined if feasible. TEX. R. CIV. P. 39(a). In a proper case, a property owner may be "regarded as indispensable" TEX. R. CIV. P. 39.

Here, Appellee's Petition acknowledges the existence of a first mortgage lien on the property (C.R. 4-5 - *Original Petition,* pp. 2-3, ¶ 6), but fails to identify the lender. In the Judgment, however, the district court attached a copy of the Special Warranty Deed conveying Appellee's interest in the property to Appellant (the same conveyance that was erroneously rescinded by the district court). (C.R. 20 - *Judgment,* Exhibit 1.) The body of the Special Warranty Deed identifies the

underlying indebtedness as a $256,200.00 purchase money loan from IndyMac Bank, F.S.B. Despite acknowledging the existence of IndyMac's interest in the property and in the proceedings, Appellee failed to name IndyMac as a party to the receivership proceedings and the record fails to show any notification to IndyMac thereof.

Rule 39(a) of the Texas Rules of Civil Procedure notes the importance of including all parties in interest because their absence may "(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." TEX. R. CIV. P. 39(a)(ii). Here, Appellant Mehl assumed the first mortgage indebtedness as part of the settlement agreement (C.R. 5 - *Original Petition,* p. 3, ¶¶ 7-8), in exchange for which Appellant received an assignment of 100% of the subject property. This conveyance, however, was *rescinded* by the district court, leaving no ruling, disposition, or change in Appellant's assumption of the first mortgage. Consequently, Appellant is still obligated to pay the underlying indebtedness, *yet she has been stripped of 50% of the ownership in the property itself.* Had IndyMac been made a party to the action, the rights and obligations of all parties would have been before the Court. Further, it is very unlikely that any default judgment would have been entered against Appellant, since an interested third party (IndyMac)

would also have been in the picture overseeing the overall disposition of these proceedings.

Appellee's failure to comply with his statutory requirement to name IndyMac renders the proceedings incomplete and enabled Appellee to assume a position of possession (through the receiver) superior to the rights of the underlying lienholder. The Judgment should be reversed, the receivership appointment vacated, and the Appellee required to replead in order to add IndyMac as a necessary party to the proceedings.

## IX. ERROR 8: APPELLANT WAS NOT GIVEN THE STATUTORILY REQUIRED THREE-DAY NOTICE OF THE HEARING ON THE PETITION FOR APPOINTMENT OF A RECEIVER.

There is no indication in the record of this case that Appellant was given any notice of the hearing on Appellee's Petition for the appointment of a receiver. If the application for receivership concerns property that is fixed and immovable, the court is required to give notice to the adverse party unless otherwise provided by statute. TEX. R. CIV. P. 695 (insufficient notice given when oral request for receivership was made after close of evidence at conclusion of temporary injunction hearing); *Helton v. Kimbell,* 621 S.W.2d 675, 678 (Tex. App.—Fort Worth 1981, no writ) (notice requirement applies to mineral receiverships under predecessor of TEX. CIV. PRAC. & REM. CODE §§ 64.091, 64.092); *see, e.g., Nationwide Life Ins. Co. v. Nations*, 654 S.W.2d 860, 861–862 (Tex. App.—

Houston [14th Dist.] 1983, no writ) (vacating order of receivership for lack of notice)]. Real estate is *fixed and immovable property* within the meaning of Civil Procedure Rule 695, and notice is therefore required before a receiver may be appointed if real property is involved. *Krumnow v. Krumnow,* 174 S.W.3d 820, 829 (Tex. App.—Waco 2005, pet. denied); *N. Side Bank v. Wachendorfer,* 585 S.W.2d 789, 791–792 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ).

Under Texas Rules of Civil Procedure 695, the court must set a receivership application for hearing and serve notice on the adverse party not less than three (3) days before the hearing. TEX. R. CIV. P. 695; *see Krumnow v. Krumnow*, 174 S.W.3d 820, 829–830 (Tex. App.—Waco 2005, pet. denied) (notice improper when court raised issue of appointment of receiver on its own motion); *Marion v. Marion*, 205 S.W.2d 426, 429 (Tex. Civ. App.—San Antonio 1947, no writ) (show cause order issued at time of original appointment does not constitute notice for subsequent modified order of appointment). This rule does not confer personal jurisdiction absent some type of citation or appearance by the named defendant. *Gray v. Phi Res., Ltd.*, 710 S.W.2d 566, 567 (Tex. 1986) (rule not satisfied by three days' posting of petition at courthouse).

Failure to give notice makes the appointment of the receiver voidable, not void. *Johnson v. Barnwell Prod. Co.*, 391 S.W.2d 776, 785 (Tex. Civ. App.—Texarkana 1965, writ ref'd n.r.e.); *Helton v. Kimbell,* 621 S.W.2d 675, 678 (Tex.

App.—Fort Worth 1981, no writ). Thus, as other courts of appeal have noted, any question of notice should be raised in a direct attack, such as a motion to vacate the order of appointment or an appeal. An appeal may be preferable because making a motion to vacate waives any complaint about the absence of notice. *Marion v. Marion*, 205 S.W.2d 426, 429 (Tex. Civ. App.—San Antonio 1947, no writ).

The record fails to show that Appellant ever received notice of the receivership hearing. Accordingly, she was thereby denied proper due process and an opportunity to be heard before the receiver was appointed. Thus, the district court's Judgment appointing the receiver is VOID, and should be reversed and this Court order the receiver dismissed from this action.

## CONCLUSION AND PRAYER

Based upon the foregoing, it is clear that the district court's Judgment is fraught with numerous points of error, all as plainly seen from the face of the record. The district court was without proper venue to entertain the action before it, requiring reversal of the Judgment. The Judgment itself and relief entered is without support in fact or in law, and there is no evidence in the record to support the relief granted. Accordingly, Appellant prays that this Court reverse the Judgment in its entirety and remand the matter with instructions that the receivership is vacated and that all further proceedings must be transferred to Williamson County, Texas, where Appellant would be permitted to answer or otherwise plead to Appellee's claims; that Appellant be awarded her costs incurred herein, including all reasonable attorney fees incurred as a result of overturning Appellee's unwarranted Judgment; and for such other and further relief as may in the premises be just and equitable.

Respectfully submitted,

THE LEFLER LAW FIRM
1530 Sun City Blvd, Ste 119
Austin, Texas 78633
T (512) 869-2579
F (866) 583-7294

*/s/ Sandra M. Lefler*

SANDRA M. LEFLER
State Bar No. 12161040
slefler@leflerlegal.com

- 36 -

LEAD COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2015, Appellant served Appellee with a true and correct copy of the foregoing Appellant's First Amended Brief via electronic filing service to:

Brent Allen Devere
Devere Law Firm
1411 West Avenue, Ste 200
Austin, Texas  78701
bdevere@1411west.com

*/s/ Sandra M. Lefler*
SANDRA M. LEFLER

**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 8967 words as determined by the computer software word count function, inclusive of the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1) that otherwise do not have to be counted.

*/s/ Sandra M. Lefler*
SANDRA M. LEFLER

## APPENDIX

1. Judgment dated July 29, 2014

2. Notice of Judgment returned to District Court Clerk marked "Unclaimed" –
   filed September 23, 2014

3. Tex. Prac. & Remedies Code § 15.002

4. Tex. Prac. & Remedies Code § 15.011

5. Tex. R. Civ. Pro. 39

# APPENDIX
DOCUMENT 1

Disp Parties: A-11
Disp code: CVD / CLS 4414X
Redact pgs:
Judge: JHW Clerk: DT

DC          BK14217 PG560

Filed In The District Court
of Travis County, Texas

JUL 2 9 2014
At 8:42 pm M.
Amalia Rodriguez-Mendoza, Clerk

CAUSE NO. D-1-GN-14-002071

| | | |
|---|---|---|
| DAVID STERN, | * | IN THE DISTRICT COURT |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | 250TH JUDICIAL DISTRICT |

DAVID STERN,  *  IN THE DISTRICT COURT
   Plaintiff  *
            *
V.          *
            *  250TH JUDICIAL DISTRICT
            *
            *
PAMELA MEHL, *
   Defendant *  TRAVIS COUNTY, TEXAS

## JUDGMENT FOR TITLE TO REAL ESTATE AND DAMAGES

The hearing on this cause was held on July 29, 2014. Plaintiff, David Stern, appeared, by and through counsel and Defendant, Pamela Mehl, although duly cited to appear by filing an answer herein, failed to file an answer within the time allowed by law.

1. On the claim of Breach of Contract, the Court finds in favor of Plaintiff, David Stern, and against Defendant, Pamela Mehl.

2. On the claim of Trespass to Try Title, the Court finds in favor of Plaintiff, David Stern, and against Defendant, Pamela Mehl.

I

Pursuant to the pleadings and evidence on file, the Court finds and ORDERS as follows:

A.     The Court recognizes a vendor's lien, equitable lien and a deed of trust to secure assumption for and in favor of David Stern on the Property (The "Property" is otherwise known as ███████████, Georgetown, Texas 78626, Williamson County along with all improvements and mobile homes, and is further described on Exhibit 1 attached herein) by virtue of David Stern's prior 50% conveyance of the Property to Pamela Mehl.

B.     The Court hereby awards David Stern judgment for title and possession of 50% of the Property based on a rescission of the prior conveyance under document #2013063557 of the Williamson County Real Property Records.

C.     The Court further awards David Stern actual damages against Pamela Mehl in the amount of $20,000.00 (Twenty Thousand and 00/100 Dollars).

D.     The Court awards David Stern, attorneys' fees in the amount of $2,500.00 (Two Thousand Five Hundred and 00/100 Dollars), against Defendant, Pamela Mehl.

E.     Plaintiff, David Stern, is entitled to post judgment interest on the total amount of the judgment awarded hereinabove, at the rate of 5% per annum from the date this judgment is signed until paid.

F.     Costs are hereby taxed against Defendant, Pamela Mehl.

G.     Plaintiff, David Stern, has a right to the Property, and the Property is in danger of being materially injured, thus requiring the appointment of a receiver. The Court appoints Nancy Perry as receiver. Receiver shall take an oath swearing to perform the duties of receiver faithfully, and receiver shall post a $200.00 (Two Hundred and 00/100 Dollars) bond that shall be conditioned on faithful discharge of duties as receiver and obedience to the orders of the Court. Receiver shall be vested with the powers to take charge and keep possession of the

2

16

Property, receive rents, and sell the Property and hire real estate brokers and other agents to sell the Property, with such sale being subject to Court approval. The rent and sale proceeds shall be used to pay all valid secured liens on the property and property taxes due plus payment of all amounts due under this judgment, with the remaining proceeds, if any, being paid 50/50 to Plaintiff and Defendant. The receiver shall be entitled to compensation at $175.00 an hour and reimbursement of reasonable and necessary expenses, after application to and approval by the Court for such fees and expenses. Receiver's fees and expenses shall be taxed as costs.

IT IS FURTHER ORDERED that Plaintiff, David Stern, may record this order in the real property records as evidence of ownership of the Property, and is entitled to enforce this judgment through abstract, execution and any other process necessary, and all writs and processes for the enforcement and collection of this judgment and costs may issue.

IT IS FURTHER ORDERED that this is a final judgment and finally disposes of all parties and all claims and is appealable.

SIGNED this the 29th day of July, 2014.

_____
DISTRICT JUDGE PRESIDING

Approved as to Form:

3

17

Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080
Fax: 512-457-8060

Attorney for David Stern

4

# EXHIBIT 1

## Special Warranty Deed

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

**Date:** May 3, 2013

**Grantor:** David Stern

**Grantor's Mailing Address:**

██████████ ███████

LOS ANGELES, CA

90045

**Grantee:** Pamela Mehl

**Grantee's Mailing Address:**

████████

Georgetown, Texas
Williamson County

**Consideration:**

A settlement agreement in a bankruptcy case style In Re: Pamela Christina Mehl, filed under Case No. 12-12209 in the Western District of Texas, Austin Division, and ten dollars and other valuable consideration paid by Grantee, and Grantee's assumption of the unpaid principal and earned interest on the note in the original principal sum of Two Hundred Fifty-six Thousand Two Hundred dollars ($256,200.00) dated August 11, 2004, executed by David Stern, and payable to the order of IndyMac Bank, F.S.B.. The note is secured by a vendor's lien retained in a deed dated August 11, 2004, to David Stern and Pamela Mehl, and additionally secured by a deed of trust dated August 11, 2004, from David Stern and Pamela Mehl to Charles A. Brown, Trustee, recorded in clerk's file number 2004064127 of the official public records of real

DEED
7 PGS

2013063557

20

property of Williamson County, Texas. Grantee agrees to indemnify and hold Grantor harmless from payment of the note and from performance of Grantor's obligations specified in the instruments securing payment of the note. Grantor assigns to Grantee the casualty insurance policy on the property, all utility deposits for utility service at the property, and all funds held in escrow for payment of taxes and insurance premiums.

**Property (including any improvements):**

The legal description is attached hereto and incorporated herein for all purposes

**Reservations from Conveyance and Exceptions to Conveyance and Warranty:**

Grantor reserves no interest in any oil, gas, and other minerals in and under and that may be produced from the property.

This deed is subject to all easements, restrictions, conditions, covenants, and other instruments of record.

Grantor, for the consideration and subject to the reservations from conveyance and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee all of Grantor's interest in the property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof when the claim is by, through, or under Grantor but not otherwise, except as to the reservations from conveyance and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

Grantee assumes all ad valorem taxes due on the property for the current year.

21



David Stern

*This instrument was prepared based on information furnished by the parties, and no independent title search has been made.*

STATE OF _California_      §
COUNTY OF _Los Angeles_      §

This instrument was acknowledged before me on _June 24, 2013_ by David Stern.

> CHUCK JIRO MURAYAMA
> Commission # 1990849
> Notary Public - California
> Los Angeles County
> My Comm. Expires Oct 9, 2016

Notary Public

**PREPARED IN THE OFFICE OF:**

H. Bryan Hicks, PLC
901 2nd St.
Marble Falls, TX 78654
Tel: (830) 693-2165
Fax: (830) 693-8185

**AFTER RECORDING RETURN TO:**

Pamela Mehl
███████
Georgetown, Texas

22

All that certain tract or parcel of land situated in Williamson County, Texas, out of the John Berry Survey, Abstract No. 51 and the M. J. Garcia Survey, Abstract No. 246 and being that Tract I conveyed to Raymond A. Moore by Warranty Deed dated August 30, 1985 and recorded in Volume 1231, Page 233 of the Official Records of Williamson County and described by metes and bounds as follows:

BEGINNING at an iron pipe fence corner post in the North line of Grove Lane for the Southwest corner of that tract described in a Warranty Deed to Debby Jane Inchy recorded in Volume 720, Page 77) of the Williamson County Deed Records being the Southeast corner of said Moore Tract I and this tract;

THENCE:  S 71° 36' 24'' W  876.76 feet with the North line of Grove Lane to an iron pin found for the Southeast corner of that Tract II as described in said Moore Warranty Deed for the Southwest corner of said Tract I and this tract;

THENCE:  with the common line of said Tract I and Tract II, N 0° 03' 07'' W  438.05 feet to an iron pin found and N 16° 53' 47'' W  438.45 to an iron pin found for the Northeast corner of said Tract II and being the Northwest corner of said Tract I and this tract;

THENCE:  with the North line of said Tract I,
    1)  N 71° 13' 14'' E  513.51 feet to an iron pin found,
    2)  N 72° 18' 57'' E  182.88 feet to an iron pin found,
    3)  N 73° 18' 45'' E  60.08 feet to an iron pin found,
    4)  N 68° 29' 11'' E  90.18 feet to an iron pin found in the West line of said Inchy tract for the Northeast corner of said Tract I and this tract;

THENCE:  along the West line of said Inchy tract and the East line of said Tract I,
    1)  S 12° 52' 30'' E  370.84 feet to an iron pin found,
    2)  S 10° 23' 25'' E  341.19 feet to an iron pin found,
    3)  S 5° 40' 44'' E  195.19 feet to the place of Beginning and containing 17.23 acres of land.

RECORDERS MEMORANDUM
All or parts of the text on this page was
not clearly legible for satisfactory
recordation

Exhibit " A "

All that certain tract or parcel of land situated in Williamson County, Texas, out of the John Berry Survey, Abstract No. 51 and being that Tract II conveyed to Raymond A. Moore by Warranty Deed dated August 30, 1985 and recorded in Volume 1238, Page 233 of the Official Records of Williamson County and described by metes and bounds as follows:

BEGINNING at an iron pin found in the North line of Grove Lane for the Southeast corner of that tract described in a Warranty Deed to Richard A. Miles, et ux, dated November 1, 1984 and recorded in Volume 1095, Page 933 of said official records, being the Southwest corner of said Moore tract and this tract;

THENCE: N 18° 29' 00" W 894.76 feet with the West line of said Moore tract, being the basis of bearings cited hereon, to an iron pin found for the Northeast corner of said Miles tract being the Northwest corner of said Moore and this tract;

THENCE: N 71° 24' 33" E 857.19 feet to an iron pin found for the Northwest corner of that Tract I as described in the aforementioned Moore Warranty Deed being the Northeast corner of said Moore Tract II and this tract;

THENCE: along the common line of said Tract I and Tract II, S 16° 53' 47" E 458.45 feet to an iron pin found, and S 0° 03' 07" E 458.05 feet to an iron pin found in the North line of said Grove Lane for the Southwest corner of said Tract I and being the Southeast corner of said Tract II and this tract;

THENCE: S 71° 14' 02" W 699.68 feet to the place of Beginning and containing 16.67 acres of land.

RECORDERS MEMORANDUM
All or parts of the text on this page was
not clearly legible for satisfactory
recordation

Exhibit " B "

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS    2004064127

*Nancy E. Rister*

08/13/2004 12:58 PM
ALLEN $60.00
NANCY E. RISTER, COUNTY CLERK
WILLIAMSON COUNTY, TEXAS

 DEED    2009086302

5 PGS

CAD No. R039021

Notice of Confidentiality rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your social security number or your driver's license number.

## GENERAL WARRANTY DEED

DATE:      November 14, 2006

GRANTOR:      Linda Moore, a/k/a Linda R. Moore, Individually, and as Independent Executrix of the Estate of Raymond A. Moore, deceased, Kathy Moore, and Randy Moore

GRANTOR'S MAILING ADDRESS: _____

GRANTEE:      David R. Stern and Pamela C. Mehl

GRANTEE'S MAILING ADDRESS: ███████e, Georgetown, Williamson County, Texas 78626

CONSIDERATION:

$10.00 and other valuable consideration, receipt of which is hereby acknowledged, and for the payment of which no lien, either express or implied, is herein retained.

PROPERTY (including improvements):

FEE SIMPLE TITLE in and to the perimeter description of a 35 foot wide road containing 5.115 acres, approximately one-half being in the M.J. Garcia Survey, Abstract No. 246, and one-half in the John Berry Survey, Abstract No. 51, in Williamson County, Texas, and being a part of an 85.20 acre tract conveyed to Charles Penzler, et ux, of record in Volume 420, Page 86, Deed Records of Williamson County, Texas, and containing all of a 35 foot ell shaped strip described in a deed from Etna M. Lindell and A. William Lindell to Charles Penzler, dated July 23, 1968, and recorded in Volume 509, Page 341, Deed Records of Williamson County, Texas; said 35 foot road being more particularly described by metes and bounds as follows:

BEGINNING at the lower Southwest corner of the said ell shaped strip in the North line of County Road 152, also being the lower Southwest corner of a 139.17 acre tract described in a deed to Etna Miller and Laura Miller, dated October of 1957;

THENCE North 19 degrees 08 minutes West 669.37 feet to an ell corner of the 139.17 acres and an ell corner of said ell shaped strip;

THENCE South 71 degrees 20 minutes 35 seconds West 2527.08 feet to a point on or near the upper Southwest corner of the 139.17 acres and the upper Southwest corner of the ell shaped strip;

THENCE 71 degrees 17 minutes West 859.01 feet and South 71 degrees 18 minutes 40 seconds West 900.57 feet with the South line of the said 85.20 acre tract, as fenced, to an iron pin set at the Southeast corner of a 9.983 acre tract;

EXHIBIT "C"

THENCE South 70 degrees 57 minutes 30 seconds West 100.0 feet and South 71 degrees 32 minutes 40 seconds West 417.53 feet with the South line of the 85.20 acres and the South line of the 9.983 acres to an iron pin set at the Southeast corner of a 16.867 acre tract;

THENCE North 19 degrees 00 minutes 45 seconds West at 35 feet past an iron pin on line, continuing in all 554.29 feet with the common line between the 16.867 acre tract and the 9.983 acre tract to an iron pin set beside a fence corner post;

THENCE North 27 degrees 37 minutes 40 seconds West 74.92 to an iron pin set in the common line between the 16.867 acres and the 9.983 acres, and continuing with the same line in all 144.54 feet to a point on curve with a radius of 80.59;

THENCE with the arc of the curve to the right, the chord bears South 54 degrees 19 minutes East 77.92 feet to the end of the curve;

THENCE South 27 degrees 37 minutes 40 seconds East 77.55 feet to a point;

THENCE South 19 degrees 00 minutes 45 seconds East 522.28 feet to a point;

THENCE North 71 degrees 32 minutes 40 seconds East 382.69 feet and North 70 degrees 57 minutes 30 seconds East 99.94 feet to the East line of the said 9.983 acre tract;

THENCE North 71 degrees 18 minutes 40 seconds East 900.67 feet and North 71 degrees 17 minutes East 859.02 feet to a point on or near the common line between the 85.20 acres and the 139.17 acres;

THENCE North 71 degrees 20 minutes East 2561.53 feet to the Northwest corner of the ell shaped tract described in Volume 509, Page 341, Deed Records of Williamson County, Texas;

THENCE South 19 degrees 09 minutes 20 seconds East 704.70 feet to the Southeast corner of the ell shaped tract and to the North line of County Road 152;

THENCE South 71 degrees 08 minutes 20 seconds West 35.0 feet with the North line of County Road 152, to the POINT OF BEGINNING.

RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:

This conveyance is made and accepted subject to: 1) all restrictions, covenants, conditions, rights-of-way and assessments if any, affecting the above-described property that are valid, existing and properly of record; 2) all easements, including specifically but without limitation any access, ingress and egress, or other easement granted to any other person for the use of the subject road; and 3) to taxes for the year 2007 and subsequent years.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and to hold it to Grantee, Grantee's heirs, executors, administrators, successors and assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations and exceptions to conveyance and warranty.

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS    2013063557

*Nancy E. Rister*

07/08/2013 02:10 PM

CKASEBERG $40.00

NANCY E. RISTER, COUNTY CLERK

WILLIAMSON COUNTY, TEXAS

② H Bryan Kicks PLC

■

Marble Falls, TX 78654

26

# APPENDIX
DOCUMENT 2

Amalia Rodriguez-Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P.O. Box 679003
Austin, Texas 78767



DATE: August 05, 2014

Filed in The District Court
of Travis County, Texas

**SEP 23 2014**

At_____⊘_____M.
Amalia Rodriguez-Mendoza, Clerk

MEHL PAMELA
███████████████

GEORGETOWN,TX 78626

JUDGMENT FOR TITLE TO REAL ESTATE AND DAMAGES

## D-1-GN-14-002071

DAVID STERN
VS.
PAMELA MEHL

You are hereby notified that the above order has been signed and entered JULY 29TH, 2014   in the 250TH JUDICIAL DISTRICT COURT of Travis County Texas in the above numbered and entitled cause.

AMALIA RODRIGUEZ-MENDOZA,
District Clerk

NIXIE      787   5E  1270      0209/19/14
RETURN  TO  SENDER
UNCLAIMED
UNABLE  TO  FORWARD

BC: 7876790030 3    *0893-11822-19-26
|||||||||||||||||||||||||||||||||||||||||||||||||

L60 - 000041259                    D-1-GN-14-002071                    RT

# APPENDIX
# DOCUMENT 3

§ 15.002. VENUE: GENERAL RULE. (a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

(b) For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue under this subchapter or Subchapter C to any other county of proper venue on motion of a defendant filed and served concurrently with or before the filing of the answer, where the court finds:

(1) maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;

(2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

(3) the transfer of the action would not work an injustice to any other party.

(c) A court's ruling or decision to grant or deny a transfer under Subsection (b) is not grounds for appeal or mandamus and is not reversible error.

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.
Renumbered from V.T.C.A., Civil Practice & Remedies Code § 15.001 and amended by Acts 1995, 74th Leg., ch. 138, § 1, eff. Aug. 28, 1995.

# APPENDIX
# DOCUMENT 4

§ 15.011. LAND.    Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Acts 1985, 69th Leg., ch. 959 (S.B. 797), §2, effective September 1, 1985; am. *Acts 1995, 74th Leg., ch. 138 (S.B. 32)*, §2, effective August 28, 1995.

# APPENDIX
# DOCUMENT 5

RULE 39 JOINDER OF PERSONS NEEDED FOR JUST ADJUDICTATION

(a)   ***Persons to Be Joined If Feasible.*** – A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

(b)   ***Determination by Court Whenever Joinder Not Feasible.*** – If a person as described in subdivision (a)(1) – (2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; forth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

(c)   ***Pleading Reasons for Nonjoinder.*** -- A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1) – (2) hereof who are not joined, and the reasons why they are not joined.

(d)   ***Exception of Class Actions.*** – This rule is subject to the provisions of Rule 42.


*SOURCE*: Federal Rule 19, with textual change.
    *Change by amendment effective January 1, 1971*:  The rule has been completely rewritten to adopt, with minor changes, the provisions of Federal Rule 19 as amended.

PUBLICATION REFERENCES. – See *Texas Litigation Guide*, Ch. 12, *Pleading the Parties.* See also *Civil Practice & Remedies Code §§17.001-17.005.*